Alden J. Parker, State Bar No. 196808
Email: aparker@fisherphillips.com
Drew M. Tate, State Bar No. 312219
Email: dtate@fisherphillips.com
FISHER & PHILLIPS, LLP
621 Capitol Mall, Suite 1400
Sacramento, CA 95814
Telephone (916) 210-0400
Facsimile (916) 210-0401

Attorneys for Defendants
WARRIOR TRADING, INC.;
and ROSS CAMERON

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JEFFREY P. FORTIS, an individual,

Plaintiff,

v.

WARRIOR TRADING, INC., a Delaware corporation; ROSS CAMERON, an individual; and DOES 1 through 50, inclusive,

Defendants.

Case No.: ____________________

[*Previously Yolo County Superior Court Case Number CV 19-472; Assigned to the Hon. Peter M. Williams, Dept. 8*]

**DEFENDANTS WARRIOR TRADING, INC. AND ROSS CAMERON'S NOTICE OF REMOVAL UNDER 28 U.S.C. §§ 1332, 1441, AND 1446**

State Action Filed: March 7, 2019

**TO PLAINTIFF AND HIS COUNSEL OF RECORD AND TO THE CLERK FOR THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** that Defendants WARRIOR TRADING, INC. and ROSS CAMERON (collectively "Defendants"), by and through their counsel of record, submit this Notice of Removal ("Notice") to remove this action from the Superior Court of the State of California, County of Yolo, to the United States District Court for the Eastern District of California, pursuant to 28 U.S.C. Sections 1332, 1441 and 1446. In support of removal, Defendants submit as follows:

## I. STATEMENT OF JURISDICTION

1. This Court has original jurisdiction over this action based on diversity of citizenship pursuant to 28 U.S.C. Section 1332. This action is one that may be removed to this Court by Defendants pursuant to 28 U.S.C. Sections 1332(a) and 1441(b) because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interests and costs, as set forth below. *See* 28 U.S.C. §§ 1332, 1441.

## II. VENUE

2. This action was originally brought in the Superior Court of the State of California, County of Yolo. Therefore, venue properly lies in the Eastern District of this Court pursuant to 28 U.S.C. Sections 84(b), 1441, and 1446(a), and Eastern District Local Rule 120(d).

## III. PROCEDURAL HISTORY

3. This lawsuit arises out of Plaintiff's employment with Defendant WARRIOR TRADING, INC. On or about March 7, 2019, Plaintiff filed a Complaint against Defendants in the Superior Court of California, County of Yolo, styled and captioned exactly as above, and assigned Case No. CV 19-472 (the "Complaint"). Plaintiff's Complaint alleges the following causes of action: (1) Retaliation in Violation of California Labor Code section 1102.5; (2) Wrongful Termination in Violation of Public Policy; and (3) Defamation. *See* Declaration of Alden J. Parker ("Parker Decl."), ¶ 2.

///

4. On March 14, 2019, Plaintiff served his Complaint upon Defendants. Parker Decl. ¶ 2; Declaration of Ross Cameron ("Cameron Decl."), ¶ 3.

5. Pursuant to 28 U.S.C. Section 1446(a), true and correct copies of the Summons, Plaintiff's Complaint, and other related papers that were served upon Defendants are attached hereto as **Exhibit "A."** *See* Parker Decl., ¶ 2. Based upon information and belief, there are no other pleadings or other papers filed in this matter as of the date of this Notice of Removal. Parker Dec., ¶ 3.

## IV. TIMELINESS OF REMOVAL

6. Under 28 U.S.C. Section 1446(b), a "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise[.]" The 30-day period for removal is triggered once service occurs. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (emphasis in original).

7. Defendants first received the Summons, Plaintiff's Complaint, and other related documents when they were served with the papers on March 14, 2019. *See* **Exhibit "A"** to the Notice of Removal ("Complaint"); Parker Decl., ¶ 2. Defendant filed this Notice of Removal on April 12, 2019. Therefore, this Notice of Removal has been timely filed.

## V. BASIS FOR REMOVAL JURISDICTION

8. This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. Section 1332 because Plaintiff and the Defendants are citizens of different states, none of the Defendants are citizens of California, and the amount in controversy for Plaintiff exceeds $75,000.00, exclusive of interest and costs. Therefore, this case may be removed to this Court under 28 U.S.C. Sections 1441 and 1446.

### A. Plaintiff's Citizenship

9. At all relevant times, Plaintiff is, and was, a resident and citizen of the State of California. In fact, Plaintiff's Complaint expressly alleges that he is a resident of California. Complaint, ¶ 1.

10. For removal purposes, citizenship is measured both when the action is filed and removed. *Strotek Corp. v. Air Transport Ass'n of America*, 300 F.3d 1129, 1131 (9th Cir. 2002).

To establish citizenship for diversity purposes, a natural person must be domiciled in a particular state. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088 (9th Cir. 1983). Residence generally dictates domicile: natural persons are domiciled in the places they reside with the intent to remain or to which they intend to return. *Kanter v. Warnter-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Residence is *prima facie* evidence of domicile. *Mondragon v. Capital One Auto Fin.*, 736 F.3d 880, 886 (9th Cir. 2013); *Johnson v. Mitchell*, No. 2:10-CV-1968 GEB GGH, 2012 WL 3260458, at *2 (E.D. Cal. Aug. 8, 2012).

11. Given that Plaintiff is a resident of California (*See* Complaint, ¶ 1), Plaintiff is domiciled in, and is therefore a citizen of the State of California.

**B. <u>Defendants' Citizenship</u>**

12. At all relevant times, Defendant ROSS CAMERON was, and still is, a resident and citizen of the State of Massachusetts. Cameron Decl., ¶ 7. Plaintiff expressly admits that Defendant ROSS CAMERON is an individual residing in the State of Massachusetts. *See* Complaint, ¶ 4.

13. Defendant WARRIOR TRADING, INC. is a Delaware corporation. Complaint, ¶ 2; Cameron Decl., ¶ 4.

14. A "corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). As the Supreme Court explained, a corporation's principal place of business is "the place where a corporation's officers direct, control, and coordinate the corporation's activities. It is the place that Courts of Appeals have called the corporation's 'nerve center.'" *Hertz Corp. v. Friend*, 559 U.S. 77, 88–92 (2010).

15. Defendant WARRIOR TRADING, INC. was at the time of the filing of this action, and continues to be, a corporation organized under the laws of the State of Delaware with its principal place of business in Great Barrington, Massachusetts. Cameron Decl., ¶¶ 4-5. According, Defendant WARRIOR TRADING, INC. is a citizen of the States of Delaware and Massachusetts for the purposes of removal and pursuant to 28 U.S.C. Section 1332(c).

///

16. Plaintiff's Complaint also names as defendants does 1 through 50. Complaint, ¶ 6. The citizenship of fictitiously-named doe defendants must be disregarded for the purposes of removal. 28 U.S.C. § 1441(a); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690–91 (9th Cir. 1998). Therefore, diversity of citizenship exists between Plaintiff and Defendants.

17. Accordingly, no defendant in this action is a citizen of California, and the parties are therefore diverse.

**C. <u>Amount in Controversy</u>**

18. The Court has diversity jurisdiction over an action in which the parties are not citizens of the same state and "the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs." 28 U.S.C. § 1332(a). The amount in controversy for jurisdictional purposes is determined by the amount of damages at issue at the time of removal. *Piazza v. EMPI, Inc.*, No. 1:07-CV-00954-OWWGSA, 2008 WL 590494, at *14 (E.D. Cal. Feb. 29, 2008); *see also Merit-Care, Inc. v. St. Paul Mercury Ins. Co.* 166 F.3d 214, 217–218 (3d Cir. 1999), *abrogated on other grounds by Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546 (2005).

19. The amount in controversy can be determined from the complaint or from other sources, including statements made in the notice of removal. *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004); ("[W]e reiterate that the amount-in-controversy inquiry in the removal context is not confined to the face of the complaint."); *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (examining complaint and notice of removal for citizenship determination); *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 839–40, n.2 (9th Cir. 2002) (considering settlement demand letter for purposes of determining amount in controversy).

20. The test for determining whether the minimum amount in controversy requirement is satisfied is whether it is "more likely than not" that the plaintiff seeks to recover more than $75,000 in the action, exclusive of interest and costs. *Simmons v. PCR Technology*, 209 F.Supp.2d 1029, 1031 (N.D. Cal. 2002); *see also Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 683 (9th Cir. 2006). The removing defendant need only to establish by *a preponderance of evidence* that the claims exceed the jurisdictional minimum. *Rodriguez v. AT*

*& T Mobility Servs. LLC*, 728 F.3d 975, 982 (9th Cir. 2013); *Singer v. State Farm Mutual Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997).

21. In assessing the amount in controversy for diversity jurisdiction purposes, the court must assume that a jury will return a verdict for the plaintiff on all claims made in the complaint. *Bank of California Nat. Ass'n v. Twin Harbors Lumber Co.*, 465 F.2d 489, 491 (9th Cir. 1972); *Kenneth Rothchild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 993, 1001 (C.D. Cal. 2002). It is thus appropriate to first examine the complaint to determine whether it is "facially apparent" that the claims exceed the jurisdictional amount. *See White v. FCI USA, Inc.*, 319 F.3d 672, 674–76 (5th Cir. 2003). Indeed, if the complaint seeks more than $75,000 in damages, removal on diversity grounds is proper unless the amount set forth in the complaint was stated in bad faith. 28 U.S.C. § 1446(c)(2); *See Sanchez v. Monumental Life. Ins. Co.*, 102 F.3d 398 (9th Cir. 1996). As set forth below, although Defendants deny any and all liability as to Plaintiff's claims, even an extremely low estimate of what Plaintiff could recover would result in an overall recovery exceeding $75,000.00 if a jury ruled in favor on Plaintiff's causes of action.

22. Here, based on his claims and request for damages, Plaintiff seeks more than $75,000.00 in damages. In his Complaint, Plaintiff seeks damages for lost wages and salary, future earnings, benefits, pain, suffering, anxiety, emotional distress, injury to his personal, business and professional reputation, including embarrassment, humiliation, severe emotional distress, shunning, anguish, fear, loss of employment, and employability, as well as claims for punitive damages and attorney's fees. Complaint, ¶¶ 21-24, 28-30, 37-39. Plaintiff's Complaint further seeks judgment against Defendants for compensatory damages, special damages, general damages, civil penalties, punitive damages, and attorney's fees and costs. Complaint, Prayer for Relief, ¶¶ 1-7.

23. Pursuant to his claim for compensatory damages, Plaintiff specifically seeks damages for economic loss in the form of salary, wages, and/or related fringe benefits. Complaint, ¶¶ 21, 28, 37, and Prayer for Relief, ¶ 1. In that regard, Plaintiff alleges that his compensation was $265,000.00 per year. Complaint, ¶ 11. To date, approximately six months have passed since Plaintiff's termination on October 12, 2018. Complaint, ¶ 16. Accordingly, it

is more than likely that Plaintiff will seek at least $75,000.00 in back pay for this time frame and that he will further seek several hundred thousands of dollars for lost wages and benefits between October 2018 and the time of trial. Indeed, Plaintiff believes that he will ultimately be entitled to compensatory damages in excess of $500,000. Complaint, Prayer for Relief, ¶ 1. Although Defendants deny Plaintiff's allegations and request for relief, the facial allegations in the Complaint and the nature of the allegations and damages sought make it more likely than not that Plaintiff seeks at least $75,000.00 for the purported financial losses related to his salary, loss of career opportunities, and benefits alone.

24. Additionally, Plaintiff seeks an unspecified amount of damages for emotional distress. Plaintiff explicitly claims that he has suffered, and continues to suffer, pain, suffering, anxiety, emotional distress, embarrassment, humiliation, severe emotional distress, shunning, fear, and mental pain and anguish. Complaint, ¶¶ 22, 29, 37, Prayer for Relief, ¶ 2. Because he allegedly suffers from emotional distress, and will continue to suffer the alleged emotional distress, it is more likely than not that Plaintiff will seek a six figure sum for his alleged emotional distress damages.

25. Plaintiff also seeks punitive damages against Defendants. Plaintiff claims he should be awarded exemplary and punitive damages in an amount to be established at trial which is appropriate to punish Defendants. Complaint, ¶¶ 23, 30, 39, Prayer for Relief, ¶ 4. Since Plaintiff is seeking to punish Defendants, it is more than likely that Plaintiff will seek a substantial sum for punitive damages in excess of six figures against Defendants.

26. Plaintiff also seeks to recover an unspecified amount in attorney's fees. Complaint, ¶ 24, Prayer for Relief, ¶ 5. It is more than likely that Plaintiff's claimed attorney's fees, including future attorney's fees, will exceed $75,000 if this matter goes to trial. *See Galt G/S v. JSS Sancdinavia*, 142 F.3d 1150, 1155–1156; *see also Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 788 (9th Cir. 2018) (holding that if a plaintiff would be entitled to future attorney's fees and costs under a contract or statute, such fees should be included in the amount of controversy). Even assuming he is extremely efficient, Plaintiff's counsel would more

///

than likely incur more than $75,000.00 if he litigates this case through pleadings, discovery, motions, pre-trial, and trial.

27. Lastly, Plaintiff seeks civil penalties for the retaliation he has purportedly suffered. Complaint, Prayer for Relief, ¶ 3. Under the California Labor Code, an employer who has retaliated against an employee for disclosing suspected illegal activity or conduct is liable for a civil penalty not exceeding $10,000 for each violation. Cal. Lab. Code § 1102.5(f). Although Defendants deny Plaintiff's claims and allegations, it is more likely than not that Plaintiff will seek an additional $10,000 in civil penalties under Labor Code section 1102.5 as a result of his purportedly unlawful termination.

28. Based on the nature of the allegations and damages sought in the Complaint, Plaintiff therefore has placed in controversy an amount exceeding the jurisdictional amount of $75,000.00, exclusive of costs and interest. Accordingly, pursuant to 28 U.S.C. Sections 1332 and 1441(a), this action may be removed to the United States District Court for the Eastern District of California because, at the time this action was filed and at the present time, diversity jurisdiction exists.

## VI. NOTICE PROVIDED TO STATE COURT AND PLAINTIFF

29. In accordance with 28 U.S.C. Section 1446(d), promptly after the filing this Notice with the above-entitled Court, Defendants will give written notice thereof to all adverse parties (i.e., Plaintiff), and will file a copy of this Notice with the Clerk of Court of the Superior Court of the State of California, County of Yolo.

30. Defendant respectfully requests that the above-mentioned litigation, now pending before the Superior Court of California, County of Yolo, be removed to this Court based on diversity jurisdiction.

DATE: April 12, 2019

FISHER & PHILLIPS LLP

By: _/s/ *Alden J. Parker* ______________________
Alden J. Parker, State Bar No. 196808
Drew M. Tate, State Bar No. 312219

Attorneys for Defendants
WARRIOR TRADING, INC.; and ROSS CAMERON