# EXHIBIT A

DEFENDANTS NOTICE OF REMOVAL

**SUM-100**

# SUMMONS
### *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

WARRIOR TRADING, INC., a Delaware corporation; ROSS
CAMERON, an individual; and DOES 1 through 50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

JEFFREY P. FORTIS, an individual

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**FILED**
**YOLO SUPERIOR COURT**

MAR 0 7 2019

By **J. HARRIS**
Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California. (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Yolo County Superior Court | **CASE NUMBER:**<br>*(Número del Caso):* CV 19-472 |

Woodland Courthouse

1000 Main Street, Woodland, CA 95695

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Avi Attal (SBN 251633); Kahana & Feld LLP, 3 Hutton Centre Drive, Suite 685, Santa Ana, CA 92707 (949)812-4781

| DATE: **MAR 0 7 2019** | Clerk, by | | , Deputy |
|---|---|---|---|
| *(Fecha)* **SHAWN C. LANDRY** | *(Secretario)* **J. HARRIS** | | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☐ on behalf of *(specify)*:

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
   ☐ other *(specify)*:

4. ☐ by personal delivery on *(date)*:

Page 1 of 1

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

Avi Attal (SBN 251633); Samuel Yu (SBN 251636); Mimi Ahn (SBN 301035)
~~Kabana~~ & Feld LLP
3 Hutton Centre Drive, Suite 685
Santa Ana, CA 92707
 TELEPHONE NO.: (949)812-4781    FAX NO.: (949)281-2105
ATTORNEY FOR *(Name):* Plaintiff Jeffrey P. Fortis

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Yolo
 STREET ADDRESS: 1000 Main Street
 MAILING ADDRESS: 1000 Main Street
 CITY AND ZIP CODE: Woodland, 95695
 BRANCH NAME: Woodland Courthouse

**FILED**
**YOLO SUPERIOR COURT**

MAR 0 7 2019

By J. HARRIS

Deputy

CASE NAME:
Jeffrey P. Fortis v. Warrior Trading, Inc., et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☑ Unlimited  ☐ Limited | ☐ Counter   ☐ Joinder | CV 19 - 472 |
| (Amount demanded exceeds $25,000) | (Amount demanded is $25,000 or less) | |
| | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: |
| | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*  FILED BY FAX

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☑ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
  a. ☐ Large number of separately represented parties
  b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
  c. ☐ Substantial amount of documentary evidence
  d. ☐ Large number of witnesses
  e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
  f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary  b. ☐ nonmonetary; declaratory or injunctive relief  c. ☑ punitive
4. Number of causes of action *(specify):* 3: 1)Retaliation and Wrongful Discharge in Violation of Cal. Lab. Code Sections 1102.5, et seq and Public Policy; 2)Wrongful Termination in Violation of Public Policy; and 3)Defamation
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: March 7, 2019

Mimi Ahn, Esq.
 (TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 www.courtinfo.ca.gov |
|---|---|---|

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/
Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice–
Physicians & Surgeons
Other Professional Health Care
Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip and fall)
Intentional Bodily Injury/PD/WD
(e.g., assault, vandalism)
Intentional Infliction of
Emotional Distress
Negligent Infliction of
Emotional Distress
Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice
*(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease
Contract *(not unlawful detainer or wrongful eviction)*
Contract/Warranty Breach–Seller
Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/
Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections
Case
Insurance Coverage *(not provisionally complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court
Case Matter
Writ–Other Limited Court Case
Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor
Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
*(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of County)
Confession of Judgment *(non-domestic relations)*
Sister State Judgment
Administrative Agency Award
*(not unpaid taxes)*
Petition/Certification of Entry of
Judgment on Unpaid Taxes
Other Enforcement of Judgment
Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-harassment)*
Mechanics Lien
Other Commercial Complaint
Case *(non-tort/non-complex)*
Other Civil Complaint
*(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
Governance (21)
Other Petition *(not specified above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult
Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late
Claim
Other Civil Petition

**CIVIL CASE COVER SHEET**

PETER M. WILLIAMS, Judge
Assigned for All Purposes

**F I L E D**
YOLO SUPERIOR COURT

MAR 07 2019
By      J. HARRIS
                Deputy

1   Avi M. Attal, Esq. (SBN 251633)
    Samuel Yu, Esq. (SBN 251636)
2   Mimi Ahn, Esq. (SBN 301035)
    KAHANA & FELD LLP
3   3 Hutton Centre Drive, Suite 685
    Santa Ana, CA 92707
4   Telephone (949) 812-4781
    Facsimile (949) 281-2105
5   E-mail: aattal@kahanafeld.com;
    syu@kahanafeld.com; mahn@kahanafeld.com
6
7   Attorneys for Plaintiff Jeffrey P. Fortis

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                      FOR THE COUNTY OF YOLO

10

11  JEFFREY P. FORTIS, an individual          Case No.: CV 19-472

12                  Plaintiff,                **COMPLAINT FOR:**

13          v.                                **(1) RETALIATION AND WRONGFUL
                                                  DISCHARGE IN VIOLATION OF CAL.
14  WARRIOR TRADING, INC., a Delaware             LAB. CODE §§ 1102.5, ET SEQ, AND
    corporation; ROSS CAMERON, an                 PUBLIC POLICY;**
15  individual; and DOES 1 through 50,        **(2) WRONGFUL TERMINATION IN
    inclusive,                                     VIOLATION OF PUBLIC POLICY; AND**
16                                            **(3) DEFAMATION**
17                  Defendants.

18                                            **DEMAND FOR JURY TRIAL**

19

20                                            FILED BY FAX

21

22

23

24

25

26

27

28

                                      1
                              COMPLAINT

1

## GENERAL ALLEGATIONS

2       1.      Plaintiff Jeffrey P. Fortis ("Plaintiff" or "Fortis") is an individual residing in the

3   County of Yolo, State of California and co-founder of Warrior Trading, Inc.

4       2.      Upon information and belief, Defendant Warrior Trading, Inc. ("Warrior" or

5   "Defendant") is a Delaware corporation with its principal business office in the County of Yolo,

6   State of California.

7       3.      Upon information and belief, Defendant was Plaintiff's employer within the

8   meaning of Government Code § 12926, and regularly employs five (5) or more persons.

9       4.      Upon information and belief, Defendant Ross Cameron ("Cameron") is an

10  individual residing in Massachusetts. Plaintiff is informed and believes that Cameron, during all

11  relevant times herein, is a co-founder, president, and Chief Executive Officer of Defendant.

12      5.      Plaintiff is informed and believes, and based thereupon alleges, that at all times

13  relevant hereto, Cameron is an individual pursuant to California Government Code § 12940,

14  subdivision (h)(1), working for Defendant in Yolo County.

15      6.      Defendants DOES 1 through 50, inclusive, are sued herein under fictitious names.

16  Their true names and capacities are unknown to Plaintiff.  When their true names and capacities are

17  ascertained, Plaintiff will amend this Complaint by inserting their true names and capacities herein.

18      7.      Upon information and belief, each of the fictitiously named defendants, DOES 1

19  through 50, inclusive, is legally responsible in some manner for the occurrences herein alleged, and

20  that Plaintiff's damages as herein alleged were legally caused by those defendants, and/or that each

21  of the fictitiously named defendants is responsible in some manner for the occurrences herein

22  alleged, and that Plaintiff's injuries as herein alleged were legally caused by such conduct.

23      8.      Upon information and belief, Defendants in this action were and are the agents,

24  authorized representatives, joint venturers, partners, and/or alter egos of one another, and in doing

25  the acts alleged in this complaint, did so jointly and for a common purpose, within the course and

26  scope of his, her or its authority as such agent, representative, joint venturer, partner, and/or alter

27  ego, with the knowledge, consent, permission, and ratification of each other.

28  ///

**JURISDICTION AND VENUE**

9.      Jurisdiction is proper in this action because Defendant maintains a principal business office in California in the city of Woodland, which is located in Yolo County, and Defendant and Cameron (hereinafter jointly referred to as, "Defendants") conduct business in Yolo County, California. Moreover, Plaintiff's employment and all relevant activities took place in Yolo County, California.

**FACTS COMMON TO ALL CAUSES OF ACTION**

10.      Plaintiff is a shareholder of Defendant and holds at least five percent of the total outstanding voting shares of Defendant.

11.      Plaintiff was hired by Defendant on or about March 2016 to serve as Defendant's Chief Operating Officer and was to be paid in excess of $265,000.00 per year. At all times, Plaintiff competently performed his job with Defendant.

12.      The parties also entered into a Shareholder Agreement where the parties agreed that if Plaintiff were to be terminated by cause, Defendant would have the option to buyback all shares held by Plaintiff. The Shareholder Agreement further provides that the valuation for those shares would be calculated by dividing the net income of Defendant's prior fiscal year by the number of outstanding shares issued to Plaintiff. Upon information and belief, the valuation method provided in the Shareholder Agreement is substantially lower than a true valuation of the shares, and Defendants took active measures to intentionally deflate the net income of Defendant in anticipation of exercising the option to buyback Plaintiff's shares.

13.      In or around September 2018, Plaintiff began raising his concerns to Defendant about, among other things, improper access to Defendant's bank account and other confidential systems by Defendant's unauthorized employees and breaches of fiduciary duties related to the same. Concurrently, Plaintiff also raised his concerns about feeling singled out, harassed, and retaliated against for, among other things, having brought prior similar concerns to Defendant. Plaintiff's concerns were never addressed and, upon information and belief, never investigated.

14.      In retaliation for Plaintiff's complaints, Cameron began to accuse Plaintiff of not adequately performing his job duties in an effort to establish "cause" to terminate Plaintiff in an

1 improper attempt to force Plaintiff to relinquish his shares of Defendant at a substantially reduced

2 price.

3     15.    Plaintiff continued to bring his concerns to Defendant and also complained of

4 Cameron's retaliatory and improper actions against him, but Plaintiff's complaints were, again,

5 never addressed and upon information and belief, never investigated.

6     16.    On or around October 12, 2018, Plaintiff was terminated "for cause" by Defendant

7 in retaliation for his prior complaints and as part of a scheme by Defendants to deprive Plaintiff of

8 his shares and interests in Defendant. The grounds for Plaintiff's termination was further

9 manufactured for the purpose of attempting to avoid inquiry regarding Defendant's potential

10 breaches of fiduciary duty.

11     17.    Cameron specifically fabricated claims and allegations he knew to be untrue or

12 intentionally misleading to convince others within Defendant, including Defendant's board of

13 directors to believe there was "cause" to terminate Plaintiff. The reasons provided as a basis for

14 Plaintiff's termination were improper, false, fabricated, and simply untrue, and these

15 misrepresentations directly harmed Plaintiff through his termination. Upon information and belief,

16 false and defamatory statements continue to be made about Plaintiff by Defendants.

17                          **FIRST CAUSE OF ACTION**

18        **Retaliation and Wrongful Termination in Violation of Cal. Lab. Code §1102.5**

19                          **(Against All Defendants)**

20     18.    Plaintiff herein incorporates by this reference, paragraphs 1 through 17, inclusive,

21 as if set forth in full herein.

22     19.    At all times hereto, California Labor Code § 1102.5 was in full force and effect and

23 binding upon Defendants and each of them. This law prohibits retaliation against employees who

24 disclose suspected illegal activity or conduct by their employer. Labor Code section 1102.5 reflects

25 the State's broad public policy interest in encouraging workplace "whistleblowers," who may,

26 without fear of retaliation, report concerns regarding an employer's illegal conduct, irrespective of

27 whether the reporting is made to the governmental agencies or to the employer itself.

28     20.    Defendants violated the law by systematically failing to investigate Plaintiff's

1   complaints regarding Plaintiff's concerns, including but not limited to, Defendants' fiduciary

2   breaches and by retaliating against Plaintiff and terminating his employment because of his

3   complaints.

4        21.    As a proximate cause of Defendant's actions and wrongful refusal to abide by the

5   statutory provisions set forth above, Plaintiff has been harmed, in that Plaintiff has suffered the loss

6   of the wages, salary, benefits, and additional amounts of money Plaintiff would have received if

7   Plaintiff's employment with Defendant would have continued. As a result of Defendant's actions,

8   Plaintiff has suffered such damages in an amount according to proof but estimated to exceed the

9   jurisdictional minimum for this Court.

10        22.    As an additional proximate cause of Defendant's actions identified above, Plaintiff

11   suffered, and will continue to suffer, pain, suffering, anxiety, emotional distress, in an amount to

12   be proven at the time of trial.

13        23.    The actions of Defendants, and DOES 1 to 50, as described above, was despicable

14   conduct done with fraud, oppression, and/or malice, or with conscious disregard of Plaintiff's rights.

15   By reason thereof, Plaintiff is entitled to punitive or exemplary damages in an amount according to

16   proof at trial, pursuant to Civil Code section 3294.

17        24.    As a further, direct and legal cause of Defendant's conduct, Plaintiff has been

18   compelled to retain the services of counsel to enforce Plaintiff's rights and, therefore, has incurred

19   and continues to incur, attorney's fees, legal fees, and expert fees and costs, for which Plaintiff is

20   entitled to reimbursement in an amount to be established at trial.

21                     **<u>SECOND CAUSE OF ACTION</u>**

22                 **Wrongful Termination Based on Public Policy**

23          **(Against Defendant Warrior Trading Inc., and DOES 1-50)**

24        25.    Plaintiff herein incorporates by this reference, paragraphs 1 through 24 inclusive, as

25   if set forth in full herein.

26        26.    Defendant terminated Plaintiff for allegedly "poor performance," to force Plaintiff

27   into relinquishing his shareholder shares against his will and with the intent of depriving Plaintiff

28   of the distributions and payments to which those were shares entitled.

27.     Defendant provided basis for terminating Plaintiff which was pretextual in nature and calculated to disguise the improper basis of the termination to which Plaintiff was subjected to, which is against public policy.

28.     As a proximate cause of Defendant's wrongful actions, Plaintiff has been harmed in that Plaintiff has suffered the loss of the wages, salary, benefits, and additional amounts of money Plaintiff would have received if Plaintiff's employment with Defendant would have continued. As a result of Defendant's actions, Plaintiff has suffered such damages in an amount according to proof.

29.     As an additional proximate cause of Defendant's actions identified above, Plaintiff suffered, and will continue to suffer, pain, suffering, anxiety, emotional distress, in an amount to be proven at the time of trial.

30.     The actions of Defendant, and DOES 1 to 50, as described above, was despicable conduct done with fraud, oppression, and/or malice, or with conscious disregard of Plaintiff's rights. By reason thereof, Plaintiff is entitled to punitive or exemplary damages in an amount according to proof at trial, pursuant to Civil Code section 3294.

**THIRD CAUSE OF ACTION**

**Defamation**

**(Against All Defendants)**

31.     Plaintiff herein incorporates by this reference, paragraphs 1 through 30, inclusive, as if set forth in full herein.

32.     As explained in detail above, Cameron caused to be published false and unprivileged communications tending to directly injure Plaintiff in his respective business and professional reputation. Upon information and belief, Defendant, through Cameron, made knowingly untrue statements to persons within Defendant to induce Defendant to believe "cause" existed to terminate Plaintiff from his position for poor performance and for improper use of company funds. Specifically, Defendant, through Cameron, falsely stated that Plaintiff had not performed his job duties competently and used company funds for his own private use. Such statements are patently false and were known to be false at the time they were made. Defendants have no reasonable basis for believing the defamatory statements to be true and in fact, knew the statements were untrue.

33.     Plaintiff, at all times, performed his duties properly and competently, and was not terminated for poor performance, but in retaliation for exercising his protected rights and as part of a scheme to force Plaintiff to relinquish his shares of Defendant against his will and in violation of his rights.

34.     The parties, after hearing such statements understood them, and believed them to be true, because of the authoritative credibility of Cameron.

35.     The false and unprivileged communications as set forth above, were published with express and implied malice on the part of Cameron and Defendant with the designed intent to injure Plaintiff and his good name. Moreover, Cameron and Defendant continue to make defamatory statements against Plaintiff that further cause harm.

36.     The published statements were libelous and slanderous per se pursuant to California Civil Code § 46(1) and 46(3).

37.     As an additional proximate cause of Cameron's and Defendant's defamation of Plaintiff, Plaintiff suffered, and will continue to suffer, injury to his personal, business, and professional reputation, including suffering embarrassment, humiliation, severe emotional distress, shunning, anguish, fear, loss of employment, and employability, and significant economic loss in the form of lost wages and future earnings, all to Plaintiff's economic, emotional, and general damages in an amount according to proof.

38.     Defendants' defamatory publications and statements were a substantial factor in causing Plaintiff harm. Plaintiff has been damaged in an amount to be proved at trial, not in excess of the jurisdictional limits of this court.

39.     The actions of Cameron and Defendant, as described above, was despicable conduct done with fraud, oppression, and/or malice, or with conscious disregard of Plaintiff's rights. By reason thereof, Plaintiff is entitled to punitive or exemplary damages in an amount according to proof at trial, pursuant to Civil Code section 3294.

**WHEREFORE, Plaintiff prays for judgment against Defendants Warrior Trading, Inc. and Ross Cameron, jointly and severally, as follows:**

1.     For compensatory damages including back pay, front pay, retirement benefits and

1  | other employee benefits and all other sums of money, in an amount to be prove at

2  | the time of trial but believed to be in excess of $500,000;

3  | 2.  For special damages, expenses, general damages for mental pain and anguish and

4  | emotional distress, and other damages to be proven at the time of trial;

5  | 3.  For all civil penalties;

6  | 4.  For punitive damages;

7  | 5.  For interest on the damages according to proof at the legal rate;

8  | 6.  For attorney's fees;

9  | 7.  For costs of suit; and

10 | 8.  For such other further relief as the Court may deem proper

11 | **REQUEST FOR JURY TRIAL**

12 | Plaintiff requests a trial by jury.

13 |

14 | DATED: March 7, 2019                    **KAHANA & FELD LLP**

15 |

16 | By: _____
   | Avi M. Attal

17 | Samuel Yu
   | Mimi Ahn

18 | Attorneys for Plaintiff Jeffrey P. Fortis

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

8

COMPLAINT

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF YOLO<br>1000 MAIN STREET, CIVIL DIVISION<br>WOODLAND, CA. 95695<br>530-406-6704 | **NOTICE OF CASE MANAGEMENT CONFERENCE and RELATED ORDERS**<br>**(Unlimited Case)** |
|---|---|
| FORTIS, JEFFREY P<br>Plaintiff(s):<br><br>vs.<br><br>WARRIOR TRADING INC ,<br>Defendant(s): | |
| | Case #: CVCV-2019-472 |

**Case Management Conference is set for: July 01, 2019 At 9:00 a.m. in Department 8 LOCATED AT 1000 MAIN STREET, WOODLAND, CA. 95695**

**This is Notice of your Case Management Conference (CMC).** The date, time and department are written above. **This notice contains new policies effective in 2007.**

1.  In accordance with applicable statutes, California Rules of Court and Local Rules 12, 13 and Appendices 3 and 4,  you are hereby ordered to:
    (a)  Serve all named defendants and file proofs of service on those defendants with the court within 60 calendar days of filing the complaint (CRC 3.110)
    (b)  Serve a copy of this notice, the Case Management Statement and the ADR information sheet on all named parties in this action.(CRC 3.220-3.222)
    (c)  Comply with CRC 3.110 relating to responsive pleadings, cross complaints and extensions of time and defaults.
    (d)  File and serve a completed Case Management Statement **at least calendar 15 days** before the CMC (CRC 3.725). Failure to do so may result in monetary sanctions.
    (e)  Appear at the CMC in person or by CourtCall. A failure to appear shall result in dismissal or other sanction.
    (f)  Meet and confer in person or by telephone (CRC 3.724) to consider each of the issues identified in CRC 3.725 no later than 30 calendar days before the date set for the Case Management Conference.

2.  When a default judgment is requested the party requesting the entry of default must obtain a judgment against the defaulting party within 60 days after entry of default, unless the court has granted an extension.

3.  **You are further ordered** to appear in person or through your attorney of record at the Case Management Conference noticed above. You must be fully familiar with the case and authorized to proceed with all CMC and ADR matters, including setting a trial date.

NOTICE OF CASE MANAGEMENT
Unlimited Civil
Rev 08/13

1

## CASE MANAGEMENT PACKET (2019)

All cases pending a case management conference (CMC) and all new filings in 2019 are subject to the court's CMC procedure. See Local Rules 12 and 13 and Appendices 3 and 4. Litigants and their counsel should review and be familiar with that material that is now on the court's website: **www.yolo.courts.ca.gov.**

This packet contains:

1. The Case Management Conference policies
2. The ADR Information Sheet

This and other information and local forms are available on the court's website: www.yolo.courts.ca.gov.

*NOTE: This complete packet must be served on the opposing party(ies) together with the complaint (CRC 3.221)*

Clerk of the Court

Yolo County Superior Court

1000 Main Street

Woodland, CA 95695

530- 406-6704

# ALTERNATIVE DISPUTE RESOLUTION (ADR)

## Information Sheet

*The court requires that all counsel provide a copy of this Information Sheet to their clients. On our website (www.yolo.courts.ca.gov) you can learn more about ADR and the litigation process by going to the ADR link in the banner on the website's home page. There you will find additional links to important information and forms related to alternative dispute resolution (ADR) and case management that can be copied or downloaded for your use.*

Recognizing that many civil disputes can be resolved without the time and expense of traditional civil litigation, the Yolo County Superior Court strongly encourages parties in civil cases to explore and pursue the use of ADR.

## What is Alternative Dispute Resolution?

Alternative Dispute Resolution (ADR) is the general term applied to a wide variety of dispute resolution processes which are alternatives to lawsuits. Types of ADR processes include arbitration, mediation, neutral evaluation, mini-trials, settlement conferences, private judging, negotiation, and hybrids of these processes. All ADR processes offer a partial or complete alternative to traditional court litigation for resolving disputes.

## What are the advantages of using ADR?

ADR, particularly mediation, can have a number of advantages over traditional court litigation.

- **ADR can save time.** Even in a complex case, a dispute can be resolved through ADR in a matter of months or weeks, while a lawsuit can take years.
- **ADR can save money.** By producing earlier settlements, ADR can save parties and courts money that might otherwise be spent on litigation costs (attorneys fees and court expenses.)
- **ADR provides more participation.** Parties have more opportunity with ADR to express their own interests and concerns, while litigation focuses exclusively on the parties' legal rights and responsibilities.
- **ADR provides more control and flexibility.** Parties can choose the ADR process most appropriate for their particular situation and that will best serve their particular needs.
- **ADR can reduce stress and provide greater satisfaction.** ADR encourages cooperation and communication, while discouraging the adversarial atmosphere found in litigation. Surveys of disputants who have gone through ADR have found that satisfaction with ADR is generally high, especially among those with extensive ADR experience.

## Arbitration and Mediation

The Yolo County Superior Court currently offers pre-screened panelists with experience and training in each of the following areas.

1. **Arbitration.** An arbitrator hears evidence presented by the parties, makes legal rulings, determines facts and makes an arbitration award. Arbitration awards may be entered as judgments in accordance with the agreement of the parties or, where there is no agreement, in accordance with California statutes. Arbitrations can be binding or non-binding, as agreed by the parties in writing.

2. **Mediation.** Mediation is a voluntary, informal, confidential process in which the mediator, a neutral third party, facilitates settlement negotiations. The mediator improves communication by and among the parties, helps parties clarify facts, identify legal issues, explore options and arrive at a mutually acceptable resolution of the dispute.

3. **Judicial Arbitration.** Some cases will be ordered to Judicial Arbitration if they come within the provisions of Code of Civil Procedure section 1141.11, California Rules of Court, 3.811 and 3.812, and Local Rule 13.

Litigants are encouraged to use an ADR process as early in the case as circumstances permit. All appropriate cases will be reviewed for referral to ADR at the Case Management Conference.

## ADR Procedures for the Yolo County Superior Court

1. Upon filing a Complaint, the Plaintiff will receive this information sheet from the Superior Court Clerk. **Plaintiff is required to include the ADR Information Sheet when he or she serves the Complaint on the Defendant.**

2. All parties to the dispute may voluntarily agree to take the matter to an ADR process. Stipulation Forms for this procedure are provided on-line at the court's website. (At the website, click on the "ADR" link and then on "Forms".) Parties choose and contact their own ADR provider. A list of providers is available on-line at the Panelist link.

3. An initial Case Management Conference ("CMC") will normally be scheduled within 120 days of the filing of the Complaint. An original and copy must be completed and provided to the court clerk no later than 15 days prior to the scheduled conference. The CMC is governed by Local Rule 12 and the policies in Appendix 3, with which all parties are expected to comply.

4. The Yolo County Superior Court Case Management Judge will strongly encourage all parties and their counsel to consider and utilize an ADR process that is appropriate to the case.

5. If the parties voluntarily agree to ADR at the CMC, the parties will be required to sign and file the Form Stipulation and Order to ADR.

6. At the CMC the court will review all scheduled cases for their suitability for referral to ADR.

7. Attendance in person or by CourtCall at the CMC is mandatory.

8. **The fees for ADR are the responsibility of the parties.**

# CASE MANAGEMENT CONFERENCE POLICIES

*Introductory note. Case management procedures and the case management conference (CMC) are used by the court to expedite the movement of most civil cases through to an early resolution or trial. Counsel are expected to be thoroughly familiar with Local Rules 12 and 13 and the court's policies set out in Appendices 3 and 4 to the rules.*

**CMC Policies.**

A case management conference (CMC) will be set by the clerk at the time the complaint is filed, ordinarily 120 days after the filing. All cases, limited and unlimited, are required to participate in a CMC. *Limited collection cases (a new designation) have a specially designed management program described in the Notice of Case Management Conference provided by the Clerk at the time the case is filed.* (Uninsured motorist cases are governed by Local Rule 12.3 and are not discusses here.)

The Case Management Statement must be **filed 15 days prior** to the scheduled CMC and should fully address all of the issues set forth in the <u>Judicial Council form CM 110</u>. Timely and complete Statements will facilitate the CMC and benefits the parties, counsel and the court. <u>A failure to file a CMC Statement, or late filing, inconveniences the court and will subject the party to the Order to Show Cause included in the Notice of Case Management Conference and will be heard at the same time.</u>

In appropriate cases and for the convenience of the court and the parties, the court may issue a CMC Order Without Appearance. (CRC 3.722(d).)

Attendance at the CMC is required, personally or telephonically. See, <u>Using CourtCall</u> (on the court's website) to appear by phone. A trial date may be set at the first CMC. Trial counsel and back up trial counsel must be specified at the CMC. (If such counsel is not identified, relief from the scheduled trial date may not be based on the ground that counsel is engaged elsewhere.)

Every case management statement will be reviewed by the CMC judge prior to the initial CMC for referral to an appropriate form of ADR. The parties are encouraged to elect a form of alternative dispute resolution (ADR) prior to the CMC. <u>(Please see the programs described in the Alternative Dispute Resolution</u> link on the court's website for more information.<u>)</u>

The CMC judge will deem the case at-issue at the time of the CMC absent a showing of contrary circumstances.

At the CMC, you may expect the CMC judge to make appropriate pre-trial orders on any of the following matters (CRC 3.715.):

- An order identifying the case as one which may be amenable to early settlement or other alternative disposition technique;

ADR Info Sheet
Rev. 03-2007

- An order referring the case to arbitration, mediation or other dispute resolution process, or a referral to the ADR Administrator for mandatory dispute resolution education.

- An order assigning a trial date. (Counsel are required to be prepared to select a trial date at the CMC.)

- An order transferring the case to the limited jurisdiction of the Superior Court;

- An order identifying the case as one which may be protracted and determining what special administrative and judicial attention may be appropriate, including special assignment, appointment of referee or special master, and the like;

- An order of discovery; including but not limited to establishing a discovery plan or schedule, assignment to a discovery referee, and/or establishing a discovery cut-off date;

- An order scheduling the exchange of expert witness information;

- An order scheduling a subsequent CMC; and

- Such other orders to achieve the interests of justice and the timely disposition of the case.

Orders to ADR are intended to implement the ADR process which began with the filing of the complaint. When cases are filed, counsel are advised of the ADR processes in educational/procedural materials delivered by the court clerk. These must also be served on the defendant. The goal is to move as many cases to judicial arbitration or voluntary ADR as possible prior to or at the CMC and to have the cases resolved within the requirements of the Trial Delay Reduction Act, Government Code section 68607 and CRC 3.714(b). (See, <u>Alternative Dispute Resolution</u> on the court's website.)

**POLICIES IN APPENDICES 3 AND 4 TO THE CURRENT RULES 12 and 13 MAY BE REVISED FROM TIME TO TIME. PLEASE CHECK THE COURT'S WEBSITE FREQUENTLY FOR ADVISORIES OF PROCEDURAL CHANGES AFFECTING THE CMC AND ADR PRACTICES.**

**(www.yolo.courts.ca.gov)**

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF YOLO**<br>1000 MAIN STREET, CIVIL DIVISION<br>WOODLAND, CA. 95695<br>530-406-6704 | **NOTICE OF CASE MANAGEMENT CONFERENCE and RELATED ORDERS**<br>**(Unlimited Case)** |
| **FORTIS, JEFFREY P**<br>Plaintiff(s):<br><br>vs.<br><br>**WARRIOR TRADING INC ,**<br>Defendant(s): | |
| | Case #: CVCV-2019-472 |

**Case Management Conference is set for: July 01, 2019 At 9:00 a.m. in Department 8 LOCATED AT 1000 MAIN STREET, WOODLAND, CA. 95695**

**This is Notice of your Case Management Conference (CMC).** The date, time and department are written above. **This notice contains new policies effective in 2007.**

1. In accordance with applicable statutes, California Rules of Court and Local Rules 12, 13 and Appendices 3 and 4, you are hereby ordered to:
   (a) Serve all named defendants and file proofs of service on those defendants with the court within 60 calendar days of filing the complaint (CRC 3.110)
   (b) Serve a copy of this notice, the Case Management Statement and the ADR information sheet on all named parties in this action.(CRC 3.220-3.222)
   (c) Comply with CRC 3.110 relating to responsive pleadings, cross complaints and extensions of time and defaults.
   (d) File and serve a completed Case Management Statement **at least calendar 15 days** before the CMC (CRC 3.725). Failure to do so may result in monetary sanctions.
   (e) Appear at the CMC in person or by CourtCall. A failure to appear shall result in dismissal or other sanction.
   (f) Meet and confer in person or by telephone (CRC 3.724) to consider each of the issues identified in CRC 3.725 no later than 30 calendar days before the date set for the Case Management Conference.

2. When a default judgment is requested the party requesting the entry of default must obtain a judgment against the defaulting party within 60 days after entry of default, unless the court has granted an extension.

3. **You are further ordered** to appear in person or through your attorney of record at the Case Management Conference noticed above. You must be fully familiar with the case and authorized to proceed with all CMC and ADR matters, including setting a trial date.

NOTICE OF CASE MANAGEMENT
Unlimited Civil
Rev 08/13

1

## CASE MANAGEMENT PACKET (2019)

All cases pending a case management conference (CMC) and all new filings in 2019 are subject to the court's CMC procedure. See Local Rules 12 and 13 and Appendices 3 and 4. Litigants and their counsel should review and be familiar with that material that is now on the court's website: **www.yolo.courts.ca.gov.**

This packet contains:

1.    The Case Management Conference policies
2.    The ADR Information Sheet

This and other information and local forms are available on the court's website: www.yolo.courts.ca.gov.

*NOTE: This complete packet must be served on the opposing party(ies) together with the complaint (CRC 3.221)*

Clerk of the Court

Yolo County Superior Court

1000 Main Street

Woodland, CA 95695

530- 406-6704

# ALTERNATIVE DISPUTE RESOLUTION (ADR)

## Information Sheet

*The court requires that all counsel provide a copy of this Information Sheet to their clients. On our website (www.yolo.courts.ca.gov) you can learn more about ADR and the litigation process by going to the ADR link in the banner on the website's home page. There you will find additional links to important information and forms related to alternative dispute resolution (ADR) and case management that can be copied or downloaded for your use.*

Recognizing that many civil disputes can be resolved without the time and expense of traditional civil litigation, the Yolo County Superior Court strongly encourages parties in civil cases to explore and pursue the use of ADR.

## What is Alternative Dispute Resolution?

Alternative Dispute Resolution (ADR) is the general term applied to a wide variety of dispute resolution processes which are alternatives to lawsuits. Types of ADR processes include arbitration, mediation, neutral evaluation, mini-trials, settlement conferences, private judging, negotiation, and hybrids of these processes. All ADR processes offer a partial or complete alternative to traditional court litigation for resolving disputes.

## What are the advantages of using ADR?

ADR, particularly mediation, can have a number of advantages over traditional court litigation.

- **ADR can save time.** Even in a complex case, a dispute can be resolved through ADR in a matter of months or weeks, while a lawsuit can take years.
- **ADR can save money.** By producing earlier settlements, ADR can save parties and courts money that might otherwise be spent on litigation costs (attorneys fees and court expenses.)
- **ADR provides more participation.** Parties have more opportunity with ADR to express their own interests and concerns, while litigation focuses exclusively on the parties' legal rights and responsibilities.
- **ADR provides more control and flexibility.** Parties can choose the ADR process most appropriate for their particular situation and that will best serve their particular needs.
- **ADR can reduce stress and provide greater satisfaction.** ADR encourages cooperation and communication, while discouraging the adversarial atmosphere found in litigation. Surveys of disputants who have gone through ADR have found that satisfaction with ADR is generally high, especially among those with extensive ADR experience.

## Arbitration and Mediation

The Yolo County Superior Court currently offers pre-screened panelists with experience and training in each of the following areas.

1. **Arbitration.** An arbitrator hears evidence presented by the parties, makes legal rulings, determines facts and makes an arbitration award. Arbitration awards may be entered as judgments in accordance with the agreement of the parties or, where there is no agreement, in accordance with California statutes. Arbitrations can be binding or non-binding, as agreed by the parties in writing.

2. **Mediation.** Mediation is a voluntary, informal, confidential process in which the mediator, a neutral third party, facilitates settlement negotiations. The mediator improves communication by and among the parties, helps parties clarify facts, identify legal issues, explore options and arrive at a mutually acceptable resolution of the dispute.

3. **Judicial Arbitration.** Some cases will be ordered to Judicial Arbitration if they come within the provisions of Code of Civil Procedure section 1141.11, California Rules of Court, 3.811 and 3.812, and Local Rule 13.

Litigants are encouraged to use an ADR process as early in the case as circumstances permit. All appropriate cases will be reviewed for referral to ADR at the Case Management Conference.

## ADR Procedures for the Yolo County Superior Court

1. Upon filing a Complaint, the Plaintiff will receive this information sheet from the Superior Court Clerk. **Plaintiff is required to include the ADR Information Sheet when he or she serves the Complaint on the Defendant.**

2. All parties to the dispute may voluntarily agree to take the matter to an ADR process. Stipulation Forms for this procedure are provided on-line at the court's website. (At the website, click on the "ADR" link and then on "Forms".) Parties choose and contact their own ADR provider. A list of providers is available on-line at the Panelist link.

3. An initial Case Management Conference ("CMC") will normally be scheduled within 120 days of the filing of the Complaint. An original and copy must be completed and provided to the court clerk no later than 15 days prior to the scheduled conference. The CMC is governed by Local Rule 12 and the policies in Appendix 3, with which all parties are expected to comply.

4. The Yolo County Superior Court Case Management Judge will strongly encourage all parties and their counsel to consider and utilize an ADR process that is appropriate to the case.

5. If the parties voluntarily agree to ADR at the CMC, the parties will be required to sign and file the Form Stipulation and Order to ADR.

6. At the CMC the court will review all scheduled cases for their suitability for referral to ADR.

7. Attendance in person or by CourtCall at the CMC is mandatory.

8. **The fees for ADR are the responsibility of the parties.**

## CASE MANAGEMENT CONFERENCE POLICIES

*Introductory note. Case management procedures and the case management conference (CMC) are used by the court to expedite the movement of most civil cases through to an early resolution or trial. Counsel are expected to be thoroughly familiar with Local Rules 12 and 13 and the court's policies set out in Appendices 3 and 4 to the rules.*

### CMC Policies.

A case management conference (CMC) will be set by the clerk at the time the complaint is filed, ordinarily 120 days after the filing. All cases, limited and unlimited, are required to participate in a CMC. *Limited collection cases (a new designation) have a specially designed management program described in the Notice of Case Management Conference provided by the Clerk at the time the case is filed.* (Uninsured motorist cases are governed by Local Rule 12.3 and are not discusses here.)

The Case Management Statement must be **filed 15 days prior** to the scheduled CMC and should fully address all of the issues set forth in the <u>Judicial Council form CM 110</u>. Timely and complete Statements will facilitate the CMC and benefits the parties, counsel and the court. <u>A failure to file a CMC Statement, or late filing, inconveniences the court and will subject the party to the Order to Show Cause included in the Notice of Case Management Conference and will be heard at the same time.</u>

In appropriate cases and for the convenience of the court and the parties, the court may issue a CMC Order Without Appearance. (CRC 3.722(d).)

Attendance at the CMC is required, personally or telephonically. See, <u>Using CourtCall</u> (on the court's website) to appear by phone. A trial date may be set at the first CMC. Trial counsel and back up trial counsel must be specified at the CMC. (If such counsel is not identified, relief from the scheduled trial date may not be based on the ground that counsel is engaged elsewhere.)

Every case management statement will be reviewed by the CMC judge prior to the initial CMC for referral to an appropriate form of ADR. The parties are encouraged to elect a form of alternative dispute resolution (ADR) prior to the CMC. <u>(Please see the programs described in the Alternative Dispute Resolution</u> link on the court's website for more information.)

The CMC judge will deem the case at-issue at the time of the CMC  absent a showing of contrary circumstances.

At the CMC, you may expect the CMC judge to make appropriate pre-trial orders on any of the following matters (CRC 3.715.):

- An order identifying the case as one which may be amenable to early settlement or other alternative disposition technique;

- An order referring the case to arbitration, mediation or other dispute resolution process, or a referral to the ADR Administrator for mandatory dispute resolution education.

- An order assigning a trial date. (Counsel are required to be prepared to select a trial date at the CMC.)

- An order transferring the case to the limited jurisdiction of the Superior Court;

- An order identifying the case as one which may be protracted and determining what special administrative and judicial attention may be appropriate, including special assignment, appointment of referee or special master, and the like;

- An order of discovery; including but not limited to establishing a discovery plan or schedule, assignment to a discovery referee, and/or establishing a discovery cut-off date;

- An order scheduling the exchange of expert witness information;

- An order scheduling a subsequent CMC; and

- Such other orders to achieve the interests of justice and the timely disposition of the case.

Orders to ADR are intended to implement the ADR process which began with the filing of the complaint. When cases are filed, counsel are advised of the ADR processes in educational/procedural materials delivered by the court clerk. These must also be served on the defendant. The goal is to move as many cases to judicial arbitration or voluntary ADR as possible prior to or at the CMC and to have the cases resolved within the requirements of the Trial Delay Reduction Act, Government Code section 68607 and CRC 3.714(b). (See, Alternative Dispute Resolution on the court's website.)

**POLICIES IN APPENDICES 3 AND 4 TO THE CURRENT RULES 12 and 13 MAY BE REVISED FROM TIME TO TIME. PLEASE CHECK THE COURT'S WEBSITE FREQUENTLY FOR ADVISORIES OF PROCEDURAL CHANGES AFFECTING THE CMC AND ADR PRACTICES.**
(www.yolo.courts.ca.gov)

ADR Info Sheet
Rev. 03-2007