Alden J. Parker, State Bar No. 196808
Email: aparker@fisherphillips.com
Drew M. Tate, State Bar No. 312219
Email: dtate@fisherphillips.com
FISHER & PHILLIPS, LLP
621 Capitol Mall, Suite 1400
Sacramento, CA 95814
Telephone (916) 210-0400
Facsimile (916) 210-0401

Attorneys for Defendants
WARRIOR TRADING, INC.;
and ROSS CAMERON

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY P. FORTIS, an individual,<br><br>                Plaintiff,<br><br>        v.<br><br>WARRIOR TRADING, INC., a Delaware corporation; ROSS CAMERON, an individual; and DOES 1 through 50, inclusive,<br><br>                Defendants. | Case No.: 2:19-cv-00627-MCE-KHN<br><br>**DEFENDANTS WARRIOR TRADING, INC. AND ROSS CAMERON'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF JEFFREY P. FORTIS' COMPLAINT**<br><br>Removed:     April 12, 2019<br>Trial Date:     None set |

Defendants WARRIOR TRADING, INC. and ROSS CAMERON (collectively "Defendants") submit the following Answer and Affirmative Defenses to Plaintiff JEFFREY P. FORTIS' ("Plaintiff") Complaint as follows:

**GENERAL ALLEGATIONS**

1. In response to paragraph 1 of the Complaint, Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations concerning Plaintiff's place of residency. Defendants deny each and every of the remaining allegations set forth in this paragraph.

2. In response to paragraph 2 of the Complaint, Defendants admit that Defendant Warrior Trading, Inc. is a Delaware corporation. Except as otherwise admitted, Defendants deny each and every of the remaining allegations set forth in this paragraph.

3. In response to paragraph 3 of the Complaint, Defendants admit that Defendant Warrior Trading, Inc. was Plaintiff's employer within the meaning of Government Code section 12926, and regularly employs five or more persons. Except as otherwise admitted, Defendants deny each and every of the remaining allegations set forth in this paragraph.

4. In response to paragraph 4 of the Complaint, Defendants admit that Defendant Ross Cameron is an individual residing in the State of Massachusetts. Defendants also admit that Defendant Ross Cameron is the founder, president, and Chief Executive Officer for Defendant Warrior Trading, Inc. Except as otherwise admitted, Defendants deny each and every of the remaining allegations set forth in this paragraph.

5. In response to paragraph 5 of the Complaint, Defendants deny each and every allegation set forth in this paragraph.

6. In response to paragraph 6 of the Complaint, Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in said paragraph and, on that basis, deny each and every allegation set forth in this paragraph.

7. In response to paragraph 7 of the Complaint, Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in said paragraph and, on that basis, deny each and every allegation set forth in this paragraph.

8. In response to paragraph 8 of the Complaint, Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations contained in said paragraph and, on that basis, deny each and every allegation set forth in this paragraph.

**JURISDICTION AND VENUE**

9. In response to paragraph 9 of the Complaint, Defendants submit that the allegations contained in said paragraph constitute legal assertions, conclusions, and/or argument to which no response is required. To the extent that a response is necessary, Defendants are without sufficient information or knowledge to form a belief as to the truth of the allegations concerning Plaintiff's place of employment. Defendants deny each and every of the remaining allegations set forth in this paragraph.

**FACTS COMMON TO ALL CAUSES OF ACTION**

10. In response to paragraph 10 of the Complaint, Defendants admit that Plaintiff was a shareholder of Defendant Warrior Trading, Inc. Except as otherwise admitted, Defendants deny each and every of the remaining allegations set forth in this paragraph.

11. In response to paragraph 11 of the Complaint, Defendants admit that Plaintiff was hired by Defendant Warrior Trading, Inc. on or about March 2016 and was to be paid $265,000.00 per year. Except as otherwise admitted, Defendants deny each and every of the remaining allegations set forth in this paragraph.

12. In response to paragraph 12 of the Complaint, Defendants admit that the parties entered into a Shareholder Agreement. Except as otherwise admitted, Defendants deny each and every of the remaining allegations set forth in this paragraph.

13. In response to paragraph 13 of the Complaint, Defendants deny each and every allegation set forth in this paragraph.

14. In response to paragraph 14 of the Complaint, Defendants deny each and every allegation set forth in this paragraph.

15. In response to paragraph 15 of the Complaint, Defendants deny each and every allegation set forth in this paragraph.

///

16. In response to paragraph 16 of the Complaint, Defendants admit that Plaintiff was terminated for cause on or around October 12, 2018. Except as otherwise admitted, Defendants deny each and every of the remaining allegations set forth in this paragraph.

17. In response to paragraph 17 of the Complaint, Defendants deny each and every allegation set forth in this paragraph.

## FIRST CAUSE OF ACTION

### Retaliation and Wrongful Termination in Violation of Cal. Lab. Code §1102.5

### (Against All Defendants)

18. In response to paragraph 18 of the Complaint, Defendants incorporate their responses to paragraphs 1 through 17.

19. In response to paragraph 19 of the Complaint, Defendants submit that the allegations contained in said paragraph constitute legal assertions, conclusions, and/or argument to which no response is required. To the extent that a response is necessary, Defendants deny each and every allegation set forth in this paragraph.

20. In response to paragraph 20 of the Complaint, Defendants deny each and every allegation set forth in this paragraph.

21. In response to paragraph 21 of the Complaint, Defendants deny each and every allegation set forth in this paragraph.

22. In response to paragraph 22 of the Complaint, Defendants deny each and every allegation set forth in this paragraph.

23. In response to paragraph 23 of the Complaint, Defendants deny each and every allegation set forth in this paragraph.

24. In response to paragraph 24 of the Complaint, Defendants deny each and every allegation set forth in this paragraph.

///
///
///
///

## SECOND CAUSE OF ACTION

## Wrongful Termination Based on Public Policy

### (Against Defendant Warrior Trading, Inc., and DOES 1-50)

25. In response to paragraph 25 of the Complaint, Defendants incorporate their responses to paragraphs 1 through 24.

26. In response to paragraph 26 of the Complaint, Defendants deny each and every allegation set forth in this paragraph.

27. In response to paragraph 27 of the Complaint, Defendants deny each and every allegation set forth in this paragraph.

28. In response to paragraph 28 of the Complaint, Defendants deny each and every allegation set forth in this paragraph.

29. In response to paragraph 29 of the Complaint, Defendants deny each and every allegation set forth in this paragraph.

30. In response to paragraph 30 of the Complaint, Defendants deny each and every allegation set forth in this paragraph.

## THIRD CAUSE OF ACTION

## Defamation

### (Against All Defendants)

31. In response to paragraph 31 of the Complaint, Defendants incorporate their responses to paragraphs 1 through 30.

32. In response to paragraph 32 of the Complaint, Defendants deny each and every allegation set forth in this paragraph.

33. In response to paragraph 33 of the Complaint, Defendants deny each and every allegation set forth in this paragraph.

34. In response to paragraph 34 of the Complaint, Defendants deny each and every allegation set forth in this paragraph.

35. In response to paragraph 35 of the Complaint, Defendants deny each and every allegation set forth in this paragraph.

36. In response to paragraph 36 of the Complaint, Defendants submit that the allegations contained in said paragraph constitute legal assertions, conclusions, and/or argument to which no response is required. To the extent that a response is necessary, Defendants deny each and every allegation set forth in this paragraph.

37. In response to paragraph 37 of the Complaint, Defendants deny each and every allegation set forth in this paragraph.

38. In response to paragraph 38 of the Complaint, Defendants deny each and every allegation set forth in this paragraph.

39. In response to paragraph 39 of the Complaint, Defendants deny each and every allegation set forth in this paragraph.

## PLAINTIFF'S PRAYER FOR RELIEF

1-8. With respect to the remaining paragraphs in the Complaint, Defendants allege that such paragraphs constitute requests for relief to which no response is necessary. To the extent that a response is necessary, Defendants specifically deny that Plaintiff is entitled to any relief whatsoever. Except as expressly admitted and denied, Defendants do not have sufficient information or belief to respond to the remaining allegations set forth in Plaintiff's request for relief and based thereon deny each and every allegation contained therein and each and every part thereof.

## AFFIRMATIVE DEFENSES

For a further answer to Plaintiff's Complaint and by way of affirmative defenses, Defendants allege as follows:

## FIRST AFFIRMATIVE DEFENSE

1. Plaintiff's claims are subject to binding arbitration pursuant to the agreements of the parties.

## SECOND AFFIRMATIVE DEFENSE

2. Plaintiff's Complaint, and each claim for relief contained therein, is barred by the "first-to-file" rule. *See Kohn Law Group, Inc. v. Auto Parts Mfg. Mississippi, Inc.*, 787 F.3d 1237,

///

1239 (9th Cir. 2015); *Church of Scientology of California v. United States Dept. of Army*, 611 F.2d 739, 750 (9th Cir. 1979).

### THIRD AFFIRMATIVE DEFENSE

3. The Complaint as a whole, and each purported claim for relief alleged therein, fails to state facts sufficient to constitute a claim for relief against Defendants.

### FOURTH AFFIRMATIVE DEFENSE

4. Plaintiff's claims are barred by Plaintiff's failure to exhaust administrative remedies and/or internal grievance procedures.

### FIFTH AFFIRMATIVE DEFENSE

5. To the extent the allegations in Plaintiff's Complaint, and each claim for relief contained therein, exceed the claims set forth in Plaintiff's administrative complaints, Plaintiff's claims are barred.

### SIXTH AFFIRMATIVE DEFENSE

6. Plaintiff's purported claims for emotional distress damages are barred because the exclusive remedy for Plaintiff's alleged emotional distress and other injuries, if any, is before the California Workers' Compensation Appeals Board pursuant to the exclusive remedy provisions of the California Workers' Compensation Act. *See* California Labor Code § 3600 *et seq*. Plaintiff's Complaint alleges an injury compensable under the California Workers' Compensation Act because Plaintiff alleges that his injuries: (1) occurred at a time when both Plaintiff and Defendant Warrior Trading, Inc. were subject to Labor Code section 3600(a); (2) occurred in the course of and incidental to his employment; and (3) were proximately caused by the employment.

### SEVENTH AFFIRMATIVE DEFENSE

7. Plaintiff is estopped by his conduct from asserting any claim for relief against Defendants, or from recovering any relief sought in the Complaint.

### EIGHTH AFFIRMATIVE DEFENSE

8. Plaintiff's Complaint, and each claim for relief contained therein, is barred by the doctrine of waiver.

///

**NINTH AFFIRMATIVE DEFENSE**

9. Plaintiff's Complaint, and each claim for relief contained therein, is barred by the doctrine of unclean hands.

**TENTH AFFIRMATIVE DEFENSE**

10. Plaintiff's Complaint, and each and every claim for relief therein, is barred in that Defendants' actions were a just and proper exercise of management discretion, which were undertaken for a fair and honest reason regulated by good faith under the circumstances then existing.

**ELEVENTH AFFIRMATIVE DEFENSE**

11. To the extent Plaintiff suffered any symptoms of mental or emotional distress or injury, they were the result of a pre-existing psychological disorder or alternative concurrent cause, and not the result of any act or omission of Defendants.

**TWELFTH AFFIRMATIVE DEFENSE**

12. The injuries of which Plaintiff alleges in his Complaint, and each claim for relief therein, if they exist at all, resulted from a cause or causes not proximately related to any act or omission by Defendants.

**THIRTEENTH AFFIRMATIVE DEFENSE**

13. Defendants' actions did not violate a public policy or statute of the State of California.

**FOURTEENTH AFFIRMATIVE DEFENSE**

14. At all times, Defendants' treatment of Plaintiff was just, fair, privileged, with good cause, non-discriminatory, non-retaliatory, and in good faith.

**FIFTEENTH AFFIRMATIVE DEFENSE**

15. There existed legitimate, non-discriminatory, and non-retaliatory reasons for the alleged acts of Defendants of which Plaintiff complains.

**SIXTEENTH AFFIRMATIVE DEFENSE**

16. The alleged acts of which Plaintiff complains were based on reasonable factors other than disability, perceived disability, race, color, national origin, ancestry, sex, religion,

creed, gender, marital status, age, sexual orientation, including Plaintiff's alleged opposition to and complaints of Defendants' purportedly unlawful conduct and employment practices, as set forth in the Complaint.

### SEVENTEENTH AFFIRMATIVE DEFENSE

17. To the extent Plaintiff can prove that any illegal factor was a motivating factor in any action taken by Defendants, which Defendants hereby deny, Plaintiff's damages are barred in whole or in part because Defendants would have taken the same action for permissible reasons alone.

### EIGHTEENTH AFFIRMATIVE DEFENSE

18. Plaintiff's claims are barred because all allegedly defamatory statements were truthful.

### NINETEENTH AFFIRMATIVE DEFENSE

19. Plaintiff's claims are barred because all allegedly defamatory statements were non-actionable opinions.

### TWENTIETH AFFIRMATIVE DEFENSE

20. Plaintiff's claims are barred because all allegedly defamatory statements were privileged communications made without malice.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

21. Plaintiff's Complaint, and each claim for relief contained therein, is barred because Plaintiff failed to take advantage of the complaint procedure available to him and failed to afford Defendants the opportunity to correct any alleged wrongdoing.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

22. Plaintiff's Complaint and each purported claim for relief therein is barred because Plaintiff ratified the alleged acts or omissions of Defendants, their employees, or agents, by reason of his knowledge, conduct, and/or statements.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

23. Plaintiff, by reason of his knowledge, statements, and conduct, consented to all of the acts or omissions on the part of Defendants, if there were any.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

24. Plaintiff did not exercise ordinary care on his own behalf, and his own acts and omissions proximately caused and/or contributed to the loss, injury, damage, or detriment alleged by Plaintiff, and Plaintiff's recovery from Defendants, if any, should be reduced in proportion to the percentage of Plaintiff's negligence or fault.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

25. Plaintiff's Complaint, and each claim for relief action contained therein, is barred, or recovery should be reduced, pursuant to the doctrine of avoidable consequences.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

26. Any recovery on Plaintiff's Complaint, or any purported claim for relief alleged therein, is barred in whole or in part by Plaintiff's failure to mitigate his damages.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

27. Defendants are informed and believe and thereon allege that the Complaint, and each purported claim for relief alleged therein, is barred by the doctrine of after-acquired evidence, or the doctrine of after-acquired evidence limits and reduces Plaintiff's alleged damages.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

28. Plaintiff's claims fail to state facts sufficient to constitute a claim for relief against Defendants that would support an award of punitive damages.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

29. Plaintiff is not entitled to recover punitive or exemplary damages from Defendants on the grounds that any award of punitive or exemplary damages would violate Defendants' constitutional rights under the Due Process Clauses of the Fifth and Fourteenth Amendments of the United States Constitution.

### THIRTIETH AFFIRMATIVE DEFENSE

30. Defendants expressly reserve the right to amend, supplement, alter, or change their Answer and Affirmative Defenses upon revelation of more definitive facts by Plaintiff and upon Defendants' undertaking of discovery and investigation of this matter. Accordingly, the right to

1 | assert additional affirmative defenses, if and to the extent that such affirmative defenses are
2 | applicable, is hereby reserved.

**PRAYER FOR RELIEF**

WHEREFORE, Defendants pray for judgment as follows:

1. That Plaintiff take nothing by the Complaint on file herein;

2. That Plaintiff's Complaint herein be dismissed in its entirety with prejudice;

3. That Defendants recover their costs of suit herein, including reasonable attorney's fees; and

4. That the Court award such other and further relief as it deems appropriate.

DATE: April 19, 2019                FISHER & PHILLIPS LLP


By:  /s/ *Alden J. Parker*
    Alden J. Parker, State Bar No. 196808
    Drew M. Tate, State Bar No. 312219

Attorneys for Defendants
WARRIOR TRADING, INC.; and ROSS CAMERON

---

10
DEFENDANTS WARRIOR TRADING, INC. AND ROSS CAMERON'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF JEFFREY P. FORTIS' COMPLAINT
FPDOCS 35285349.1

# CERTIFICATE OF SERVICE

I, the undersigned, am employed in the County of Sacramento, State of California. I am over the age of 18 and not a party to the within action; am employed with the law offices of Fisher & Phillips LLP and my business address is 621 Capitol Mall, Suite 1400, Sacramento, CA 95814.

On **April 19, 2019**, I served the foregoing document entitled **DEFENDANTS WARRIOR TRADING, INC. AND ROSS CAMERON'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF JEFFREY P. FORTIS' COMPLAINT**, on all the appearing and/or interested parties in this action as follows:

| | |
|---|---|
| Avi M. Attal | T: (949) 812.4781 |
| Samuel Yu | F: (949) 281-2105 |
| Mimi Ahn | E: aattal@kahanafeld.com |
| KAHANA & FELD, LLP | E: syu@kahanafeld.com |
| 3 Hutton Centre Drive, Suite 685 | E: mahn@kahanafeld.com |
| Santa Ana, CA 92707 | |
| | Attorneys for Plaintiff |
| | JEFFREY P. FORTIS |

☐ **[by ELECTRONIC SUBMISSION]** - I served the above listed document(s) described via the United States District Court's Electronic Filing Program on the designated recipients via electronic transmission through the CM/ECF system on the Court's website. The Court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document(s). Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities.

☒ **[by MAIL]** I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Sacramento, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing this affidavit.

☒ **FEDERAL** - I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed **April 19, 2019**, at Sacramento, California.

| Angela L. Eure | By: | /s/ *Angela L. Eure* |
|---|---|---|
| Print Name | | Signature |

PROOF OF SERVICE

FPDOCS 35285349.1