Alden J. Parker, State Bar No. 196808
Email: aparker@fisherphillips.com
Drew M. Tate, State Bar No. 312219
Email: dtate@fisherphillips.com
FISHER & PHILLIPS, LLP
621 Capitol Mall, Suite 1400
Sacramento, CA 95814
Telephone (916) 210-0400
Facsimile (916) 210-0401

Attorneys for Defendants
WARRIOR TRADING, INC.;
and ROSS CAMERON

# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY P. FORTIS, an individual,<br><br>              Plaintiff,<br><br>        v.<br><br>WARRIOR TRADING, INC., a Delaware corporation; ROSS CAMERON, an individual; and DOES 1 through 50, inclusive,<br><br>              Defendants. | Case No.: 2:19-cv-00627-MCE-KHN<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF DEFENDANTS WARRIOR TRADING, INC. AND ROSS CAMERON FOR JUDGMENT ON THE PLEADINGS; OR, IN THE ALTERNATIVE, TO STAY THE PRESENT CASE**<br><br>Date:         June 13, 2019<br>Time:         2:00 p.m.<br>Location:    Courtroom 7<br><br>Removed:    April 12, 2019<br>Trial Date:   None set |

# TABLE OF CONTENTS

I.      INTRODUCTION AND SUMMARY OF THE ARGUMENT ......................................1

II.     PROCEDURAL HISTORY.............................................................................2

        A.      Warrior Trading Attempted to Arbitrate the Parties' Dispute .............................2

        B.      The First-Filed Delaware Action .........................................................3

        C.      The Above-Entitled Action...............................................................3

III.    STATEMENT OF THE RELEVANT FACTS .................................................4

        A.      Plaintiff Agreed to Resolve his Claims through Binding Arbitration..................4

        B.      Plaintiff's Employment with Warrior Trading .......................................5

        C.      Notice of Buy-Back of Plaintiff's Shares in Warrior Trading ...........................6

IV.     STANDARD OF REVIEW ......................................................................6

V.      PLAINTIFF'S SECOND-FILED ACTION SHOULD BE DISMISSED IN
        FAVOR OF THE DELAWARE ACTION BECAUSE IN THAT ACTION THE
        SAME PARTIES ARE ALREADY LITIGATING THE SAME FACTUAL
        ISSUES IN DISPUTE.............................................................................7

        A.      The Delaware Action is the First-Filed Action.....................................9

        B.      The Parties in Both Actions are Substantially Similar.........................................9

        C.      There is Substantial Overlap in the Factual Issues in Both Lawsuits ..................9

        D.      Allowing this Case to Proceed Would Waste Significant Judicial
                Resources and Create a Substantial Risk of Inconsistent Rulings.....................11

VI.     ALTERNATIVELY, THIS ACTION SHOULD BE STAYED PENDING THE
        DISPOSITION OF THE DELAWARE ACTION PURSUANT TO THE
        COURT'S INHERENT AUTHORITY ......................................................12

VII.    CONCLUSION.......................................................................................13

i

1

## **TABLE OF AUTHORITIES**

2

**Cases**

3

*Adoma v. Univ. of Phoenix, Inc.*
    711 F. Supp. 2d 1142 (E.D. Cal. 2010)..........................................................................10

4

*Alltrade, Inc. v. Uniweld Prod., Inc.*
    946 F.2d 622 (9th Cir. 1991) .............................................................................7, 8, 11

5

6

*Ashcroft v. Iqbal*
    556 U.S. 662 (2009)..........................................................................................................7

7

*Beasuperthuy v. 24 Hour Fitness US, Inc.*
    Case No. 06-0715-SC, 2012 WL 3757486 (N.D. Cal. Jul. 5, 2012) ..............................9

8

9

*Bedwell v. Braztech Int'l, LC*
    No. 3:16-cv-00217 JWS, 2017 WL 2450160 (D. Alaska June 6, 2017) .......................10

10

*Bell Atl. Corp. v. Twombly*
    550 U.S. 544 (2007)..........................................................................................................7

11

12

*Cadle Co. v. Whataburger of Alice, Inc.*
    174 F.3d 599 (5th Cir. 1999) ...........................................................................................8

13

*Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*
    637 F.3d 1047 (9th Cir. 2011) .........................................................................................7

14

15

*Chavez v. United States*
    683 F.3d 1102 (9th Cir. 2012) .........................................................................................7

16

*Church of Scientology of California v. U.S. Dept. of Army*
    611 F.2d 738 (9th Cir. 1979) ....................................................................................8, 11

17

18

*CMAX, Inc. v. Hall*
    300 F.2d 265 (9th Cir. 1962) .........................................................................................12

19

*Colortyme Financial Services, Inc. v. Kivalina Corp.*
    940 F.Supp. 269 (D. Haw. 1996) ....................................................................................8

20

21

*Dependable Highway Express, Inc. v. Navigators Ins. Co.*
    498 F.3d 1059 (9th Cir. 2007) .......................................................................................12

22

*Electronics for Imaging v. Coyle*
    394 F.3d 1344 (Fed Cir. 2003).........................................................................................8

23

24

*Fleming v. Pickard*
    581 F.3d 922 (9th Cir. 2009) ...........................................................................................6

25

*Genentech, Inc. v. Eli Lilly & Co.*
    998 F.2d 931 (Fed. Cir. 1993)..........................................................................................8

26

27

*Harris Cnty, Tex. v. CarMax Auto Superstores Inc.*
    177 F.3d 306 (9th Cir. 1982) .........................................................................................10

28

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF DEFENDANTS FOR
JUDGMENT ON THE PLEADINGS; OR, IN THE ALTERNATIVE, TO STAY THE PRESENT CASE
FPDOCS 35315475.2

*Int'l Fid. Ins. Co. v. Sweet Little Mex Corp.*
665 F.3d 671 (5th Cir. 2011) .......................................................................... 9

*Intersearch Worldwide, Ltd. v. Intersearch Grp., Inc.*
544 F. Supp. 2d 949 (N.D. Cal. 2008) ........................................................... 9

*Kohn Law Group, Inc. v. Auto Parts Mfg. Mississippi, Inc.*
787 F.3d 1237 (9th Cir. 2015) .......................................................... 7, 8, 9, 10

*Landis v. N. Am. Co.*
299 U.S. 248 (1936) ...................................................................................... 12

*Leyva v. Certified Grocers of Cal., Ltd.*
593 F.2d 857 (9th Cir. 1979) ........................................................................ 12

*Location Services, LLC v. Digital Recognition Network, Inc.*
Case No. 2:18-cv-00893-KJM-AC, 2018 WL 3869169 (E.D. Cal. Aug. 15, 2018) ........ 9

*Lockyer v. Mirant Corp.*
398 F.3d 1098 (9th Cir. 2005) ...................................................................... 12

*Pacesetter Sys., Inc. v. Medtronic, Inc.*
678 F.2d 93 (9th Cir. 1982) ........................................................................ 7, 8

*Pryor v. Oversears Administrative Services, Ltd.*
Case No. 10-1930-VRW, 2011 WL 13268258 (N.D. Cal. Feb. 2, 2011) ........................ 9

*Stone v. I.N.S.*
514 U.S. 386 (1995) ...................................................................................... 12

*Wilton v. Seven Falls Co.*
515 U.S. 277 (1995) ........................................................................................ 8

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF DEFENDANTS FOR
JUDGMENT ON THE PLEADINGS; OR, IN THE ALTERNATIVE, TO STAY THE PRESENT CASE
FPDOCS 35315475.2

1   Defendants WARRIOR TRADING, INC. and ROSS CAMERON (collectively

2   "Defendants"), submit the following Memorandum of Points and Authorities in Support of their

3   Motion for Judgment on the Pleadings, pursuant to Federal Rules of Civil Procedure Rule 12(c),

4   and, in the alternative, their Motion to Stay the instant litigation pending the disposition of the

5   Delaware Action pursuant to the Court's inherent authority.

6   **I.      INTRODUCTION AND SUMMARY OF THE ARGUMENT**

7   This action arises out of Plaintiff's former employment with WARRIOR TRADING,

8   INC. ("Warrior Trading" or the "Company"), in which Plaintiff was the Company's Chief

9   Operating Officer, a shareholder, and a stock trading mentor. Over the course of Plaintiff's

10  employment from March 2016 to October 2018, Warrior Trading and its management observed

11  several performance deficiencies and discovered that Plaintiff committed multiple violations of

12  Company policy. Defendants tried to correct Plaintiff's deficient behavior, but he was ultimately

13  terminated "for cause" on October 12, 2018.

14  Plaintiff thereafter filed this action against Defendants on March 7, 2019. In his

15  Complaint, Plaintiff alleges that he was, among other things, retaliated against because he raised

16  concerns about purported harassment, retaliation, and improper access to the Company's bank

17  account and other confidential systems. Plaintiff essentially claims that he was wrongfully

18  terminated in retaliation of his complaints and as part of a scheme to deprive Plaintiff of his

19  shares, as opposed to being terminated "for cause."

20  Nevertheless, at the time Plaintiff filed his Complaint, Warrior Trading had already

21  commenced civil court proceedings against Plaintiff in Delaware state court on February 21,

22  2019, based upon the same transactions, occurrences, and agreements at issue in this litigation.

23  In that regard, on August 18, 2016, the parties executed a Shareholder Agreement wherein they

24  agreed that any controversy arising out of or relating to that Agreement, including whether a

25  shareholder was terminated "for cause," would be submitted to binding arbitration in Delaware.

26  Pursuant to the Shareholder Agreement, Warrior Trading filed the Delaware Action in order to

27  compel Plaintiff to arbitration, and it otherwise seeks to obtain a determination that Plaintiff was

28  terminated "for cause."

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF DEFENDANTS FOR
JUDGMENT ON THE PLEADINGS; OR, IN THE ALTERNATIVE, TO STAY THE PRESENT CASE
FPDOCS 35315475.2

This Court should apply the well-established "first-to-file" rule and dismiss this case in favor of the Delaware Action. Under the "first-to-file" rule, the court that first acquires jurisdiction over the dispute possesses the first-filed case, and should proceed first, absent exceptional circumstances. Here, the Delaware litigation and this action involve common factual issues, such as whether Plaintiff engaged in multiple acts of misconduct, whether he demonstrated numerous performance deficiencies, and whether he committed multiple violations of Company policy. Both actions will thus specifically turn on whether Plaintiff was terminated "for cause" within the meaning of the Shareholder Agreement and all other applicable employment agreements. Allowing this case to proceed concurrently with the Delaware Action would waste significant judicial resources and create a substantial risk of inconsistent rulings and/or judgments.

Therefore, and as further discussed in depth below, Defendants respectfully request that the Court grant their Motion for Judgment on the Pleadings because the Delaware Action, which covers the same parties and issues, will entirely resolve the parties' dispute. Alternatively, Defendants respectfully request that the Court stay the instant litigation pending the disposition of the Delaware Action, pursuant to the Court's inherent authority.

## II.   PROCEDURAL HISTORY

### A.   Warrior Trading Attempted to Arbitrate the Parties' Dispute

Warrior Trading served Plaintiff with a letter demanding that Plaintiff participate in arbitration on January 2, 2019. Defendants' Request for Judicial Notice ("RJN"), ¶ 2, Ex. B. In its demand, Warrior Trading alleges the following claims for relief: (i) declaratory judgment; (ii) tortious interference with contractual relations; (iii); violations of the Computer Fraud and Abuse Act, 18 U.S.C. 1030(g); and (iv) violations of the Defend Trade Secret Act, 18 U.S.C. § 1836, *et. seq.* RJN, ¶ 3, Ex. C. Among other things, Warrior Trading seeks to resolve the parties' dispute regarding Plaintiff's termination "for cause" from the Company, the termination of his shareholder rights, and the right of the Company and other Shareholders to repurchase Plaintiff's shares. RJN, ¶¶ 2-3, Ex. B-C. Plaintiff did not respond to Warrior Trading's January 2, 2019 letter, nor did he agree to arbitration. RJN, ¶ 6, Ex. F, ¶ 10.

1    On February 1, 2019, Warrior Trading then filed a demand with the American Arbitration

2    Association ("AAA"). RJN, ¶ 4, Ex. D. The AAA acknowledged receipt of the demand on

3    February 11, 2019, and it further requested that the parties agree "to authorize the AAA to

4    administer the dispute under its Employment Arbitration Rules." RJN, ¶ 5, Ex. E. Warrior

5    Trading conveyed its agreement on February 14, 2019, but Plaintiff has not provided the AAA

6    with his written consent. RJN, ¶ 6, Ex. F, ¶ 15.

7        **B.      The First-Filed Delaware Action**

8        On February 21, 2019, Warrior Trading filed a Verified Complaint to Compel Arbitration

9    with the Court of Chancery in the State of Delaware (the "Delaware Action"). RJN, ¶ 6, Ex. F.

10   In that litigation, Warrior Trading alleges that Plaintiff failed to respond to its demand for

11   arbitration. RJN, ¶ 6, Ex. F, ¶¶ 16-22. Warrior Trading thus requested that the Court of Chancery

12   compel Plaintiff to participate in arbitration in Delaware. *Id.*

13       **C.      The Above-Entitled Action**

14       On March 7, 2019, Plaintiff instituted this lawsuit against Warrior Trading and Cameron,

15   in the Superior Court of California, County of Yolo, case number CV 19-472. *See* Dkt. No. 1-1;

16   Declaration of Alden J. Parker ("Parker Decl."), ¶ 2, Ex. A. Plaintiff's Complaint alleges the

17   following causes of action: (1) retaliation in violation of California Labor Code Section 1102.5;

18   (2) wrongful termination in violation of public policy; and (3) defamation. *Id.* Defendants

19   removed those state court proceedings to the United States District Court for the Eastern District

20   of California on April 12, 2019. Dkt. No. 1; Parker Decl., ¶ 3.

21       In his Complaint, Plaintiff alleges that, rather than being terminated "for cause," he was

22   retaliated against because he raised concerns about, among other things, improper access to

23   Warrior Trading's bank account and other confidential systems, and due to complaints he made

24   regarding alleged harassment and retaliation. Dkt. No. 1-1; Parker Decl., Ex. A, ¶¶ 13-14.

25   Plaintiff ultimately alleges that he was wrongfully terminated in "retaliation of his prior

26   complaints and as part of a scheme . . . to deprive Plaintiff of his shares and interests" in the

27   Company. Dkt. No. 1-1; Parker Decl., Ex. A, ¶ 16.

28   ///

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF DEFENDANTS FOR
JUDGMENT ON THE PLEADINGS; OR, IN THE ALTERNATIVE, TO STAY THE PRESENT CASE
FPDOCS 35315475.2

III.   **STATEMENT OF THE RELEVANT FACTS**

    A.     **Plaintiff Agreed to Resolve his Claims through Binding Arbitration**

        In connection with his employment with Warrior Trading, Plaintiff signed a Shareholder Agreement on or about August 18, 2016. *See* RJN, ¶ 1, <u>Ex</u>. A. In the Shareholder Agreement, the parties agreed to arbitrate any and all disputes that arose out of the Agreement. *Id*. The Shareholder Agreement provides, in pertinent part:

> Any controversy or claim arising out of or relating to this Agreement, or breach thereof, shall be settled by binding arbitration to be held in Delaware or such other agreed location. Judgment upon the award rendered by the arbitrators may be entered in any court having jurisdiction thereof. The parties, in accordance with Arbitrator rules, shall select arbitrators with qualifications and expertise within the field of dispute. Each party shall have the ability in their sole discretion to veto the selection of one (1) arbitrator, in which case Arbitrator shall offer alternative selection. Each party shall have the right of discovery set forth in the Federal Rules of Civil Procedure. Arbitrator shall administer the arbitration. The administrative fees associated with these proceedings shall be shared equally by the parties. No attorney fees or costs shall be recoverable, as provided for above.

RJN, ¶ 1, <u>Ex</u>. A, § 14(g). The Shareholder Agreement provides that "the laws of the State of Delaware shall govern the terms of this Agreement, without reference to the choice of law principles thereof." RJN, ¶ 1, <u>Ex</u>. A, Amendment No. 1 to Shareholder Agreement, § 3.

        The Shareholder Agreement also contains a provision regarding the repurchase of shares if a shareholder's employment is terminated "for cause." RJN, ¶ 1, <u>Ex</u>. A, § 9(e). The Agreement states, in relevant part:

> In the event any employee Shareholder is no longer employed by the Company because of voluntary termination, or termination by the Company for Cause (the term "Cause" as defined in the then applicable employment agreement between the Company and the relevant employee Shareholder, except that irrespective of such definition, it shall not include physical and/or mental disability) the Company and the remaining Shareholders shall have the option for 90 days following notice of any such event(s) to purchase all or any part of the shares owned by the terminated employee Shareholder . . . Notwithstanding anything to the contrary in this Agreement or applicable laws, and to the fullest extent permissible

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF DEFENDANTS FOR
JUDGMENT ON THE PLEADINGS; OR, IN THE ALTERNATIVE, TO STAY THE PRESENT CASE
FPDOCS 35315475.2

under the law, an employee Shareholder whose employment
terminates because of termination by the Company for cause at any
time, shall forfeit any and all shareholder rights immediately upon
termination of employment.

*Id.* Since Plaintiff voluntarily signed the Shareholder Agreement, there can be no doubt that Plaintiff voluntarily agreed to arbitrate any and all disputes connected in any way to the Shareholder Agreement.[1]

**B.      Plaintiff's Employment with Warrior Trading**

Warrior Trading provides financial market trading education to its customers and students. RJN, ¶ 3, <u>Ex</u>. C, ¶ 8. Plaintiff became an employee for Warrior Trading on or about March 22, 2016. RJN, ¶ 3, <u>Ex</u>. C, ¶ 11. Plaintiff was the Company's Chief Operating Officer, a shareholder, and a stock trading mentor. RJN, ¶ 3, <u>Ex</u>. C, ¶¶ 4, 11.

During his employment, Warrior Trading discovered that Plaintiff committed multiple violations of Company policy and it observed numerous performance deficiencies. *See* RJN, ¶ 3, <u>Ex</u>. C. Plaintiff's performance deficiencies included, but were not limited to: (i) failing to attend industry seminars; (ii) making several unauthorized charges to his Company credit card; (iii) engaging in disrespectful and unprofessional conduct with customers; (iv) failing to report to work on a regular basis without prior notice; (v) taking multiple and extensive personal leaves without any formal request or approval; (vi) failing to appear for important Company meetings; (vii) using the Company's credit card points for personal use; (viii) hiring an assistant without prior notice or approval; (ix) offering cocaine to another employee at a work function; (x) possessing a firearm in the workplace; and (xi) accessing and deleting confidential information without authorization. RJN, ¶ 3, <u>Ex</u>. C, ¶¶ 12-37.

Cameron, the Company's founder, president, and Chief Executive Officer, scheduled a meeting with Plaintiff on October 12, 2018, in order to discuss Plaintiff's performance

///

---

[1] Plaintiff also executed an arbitration agreement regarding his employment with Warrior Trading. While Defendants have asserted an appropriate affirmative defense regarding this issue, where Defendants are requesting the Delaware Court decide all issues, Defendants are not yet requesting the Court rule on this issue. To do so seems inconsistent with the application of the "first-to-file" rule, where all issues should be decided by a single court where the first action is filed.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF DEFENDANTS FOR JUDGMENT ON THE PLEADINGS; OR, IN THE ALTERNATIVE, TO STAY THE PRESENT CASE
FPDOCS 35315475.2

1  deficiencies. RJN, ¶ 3, Ex. C, ¶¶ 38-39. Plaintiff failed to show up for that meeting. *Id*. As a

2  result, Cameron immediately terminated Plaintiff "for cause" on October 12, 2018. *Id*.

3          **C.**        **Notice of Buy-Back of Plaintiff's Shares in Warrior Trading**

4          Pursuant to Sections 9(e) and 14(e) of the Shareholder Agreement, Defendants

5  commenced the process to repurchase Plaintiff's shares. RJN, ¶ 3, Ex. C, ¶¶ 60-62. For instance,

6  on October 16, 2018, Warrior Trading issued a Notice of Buy-Back to Plaintiff, which triggered

7  a 90-day option period for the Company and/or the remaining shareholders to purchase Plaintiff's

8  capital stock. *Id*.

9          Warrior Trading had the exclusive right to purchase Plaintiff's shares for the first 45 days

10  of that 90-day time period, but it chose not to exercise its option. RJN, ¶ 3, Ex. C, ¶ 64. The other

11  shareholders then had the remaining 45 days to re-purchase Plaintiff's shares, which in this case,

12  ended on January 10, 2019. RJN, ¶ 3, Ex. C, ¶ 65.

13          However, on November 15, 2018, Plaintiff, through his counsel, sent a letter to

14  Defendants disputing that his termination was "for cause" and asserting that they improperly

15  invoked Section 9(e) of the Shareholder Agreement. RJN, ¶ 3, Ex. C, ¶¶ 68-69. Plaintiff further

16  claimed that he did not have an employment agreement with the Company. *Id*.

17          As noted above, Warrior Trading thereafter commenced arbitration proceedings against

18  Plaintiff with the AAA. RJN, ¶¶ 2-5, Exs. B-E. Plaintiff did not respond to the Company's

19  demand. RJN, ¶ 6, Ex. F, ¶¶ 10, 15. Accordingly, Warrior Trading commenced the Delaware

20  litigation in order to compel Plaintiff's participation in arbitration, pursuant to the parties'

21  Shareholder Agreement. RJN, ¶ 6, Ex. F.

22  **IV.**      **<u>STANDARD OF REVIEW</u>**

23          Under the Federal Rules of Civil Procedure, a party may move for judgment on the

24  pleadings after the pleadings are closed, but early enough not to delay trial. Fed. R. Civ. P. 12(c).

25  "Judgment on the pleadings is properly granted when there is no issue of material fact in dispute,

26  and the moving party is entitled to judgment as a matter of law." *Fleming v. Pickard*, 581 F.3d

27  922, 925 (9th Cir. 2009). The analysis under Rule 12(c) is the same as a Motion to Dismiss

28  under Rule 12(b)(6), because the "Court must determine whether the facts alleged in the

1  complaint, taken as true, entitle the plaintiff to a legal remedy." *Chavez v. United States*, 683

2  F.3d 1102, 1108 (9th Cir. 2012) (internal quotations omitted); *Cafasso, U.S. ex rel. v. Gen.*

3  *Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 n.4 (9th Cir. 2011).

4       A complaint should be dismissed under Rule 12(c) where it does not contain "sufficient

5  factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Chavez v.*

6  *United States*, 683 F.3d at 1108 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal

7  quotations omitted)). The Court need not accept Plaintiff's conclusory allegations, "threadbare

8  recitals of the elements of a cause of action," unwarranted deductions of fact, or unreasonable

9  inferences. *Iqbal*, 556 U.S. at 678; *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)

10  ("[C]ourts are not bound to accept as true a legal conclusion couched as factual allegation.").

11  Bare legal conclusions unsupported by factual allegations are not entitled to a presumption of

12  truth; rather, the factual allegations in the Complaint must be "enough to raise a right to relief

13  above the speculative level[.]" *Twombly,* 550 U.S. at 555; *Iqbal,* 556 U.S. at 679.

14  **V.    PLAINTIFF'S SECOND-FILED ACTION SHOULD BE DISMISSED IN FAVOR**

15  **      OF THE DELAWARE ACTION BECAUSE IN THAT ACTION THE SAME**
     **      PARTIES ARE ALREADY LITIGATING THE SAME FACTUAL ISSUES IN**

16  **      DISPUTE**

17       The "first-to-file" rule of federal comity permits a court to decline jurisdiction over an

18  action when a lawsuit involving the substantially same parties and issues has already been filed

19  in another court. *Kohn Law Group, Inc. v. Auto Parts Mfg. Mississippi, Inc.*, 787 F.3d 1237, 1239

20  (9th Cir. 2015). Under this rule, the court that first acquires jurisdiction over the dispute possesses

21  the first-filed case, and should proceed first, absent exceptional circumstances. *See Pacesetter*

22  *Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94–95 (9th Cir. 1982) ("Normally sound judicial

23  administration would indicate that when two identical actions are filed in courts of concurrent

24  jurisdiction, the court which first acquired jurisdiction should try the lawsuit and no purpose

25  would be served by proceeding with a second action.").

26       The purpose of the "first-to-file" rule is to promote efficiency in the federal trial courts

27  by avoiding duplicative litigation. *See Alltrade, Inc. v. Uniweld Prod., Inc.*, 946 F.2d 622, 625

28  (9th Cir. 1991). "The [rule] is designed to avoid placing an unnecessary burden on the federal

judiciary, and to avoid the embarrassment of conflicting judgments. . .. Comity works most efficiently where previously-filed litigation is brought promptly to the attention of the district court, and the court defers." *Church of Scientology of California v. U.S. Dept. of Army*, 611 F.2d 738, 750 (9th Cir. 1979). When applying this rule, courts should be driven to "maximize economy, consistency, and comity." *Kohn Law Group, Inc*, 787 F.3d at 1237 (quoting *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 604 (5th Cir. 1999) (internal quotations omitted)).

Although courts have the discretion to depart from the application of the "first-to-file" rule, the rule should not be disregarded lightly. *Church of Scientology of California*, 611 F.2d at 750. Courts must be presented with "exceptional circumstances" before exercising their discretion to depart from this rule. *See Colortyme Financial Services, Inc. v. Kivalina Corp.*, 940 F.Supp. 269, 273 (D. Haw. 1996) (citing *Pacesetter Sys. Inc.*, 678 F.2d at 94–95); *see also Alltrade, Inc.*, 946 F.2d at 627–28. And when it does depart from this general rule, it must put forward "sound reason[s]" that would make it unjust or inefficient to continue the first-filed action. *See Electronics for Imaging v. Coyle,* 394 F.3d 1344, 1347 (Fed Cir. 2003); *Genentech, Inc. v. Eli Lilly & Co.*, 998 F.2d 931, 93 (Fed. Cir. 1993) (abrogated on other grounds by *Wilton v. Seven Falls Co*., 515 U.S. 277 (1995)). Such reasons include convenience and availability of witnesses, jurisdiction over the parties, the possibility of consolidation with related litigation, and considerations relating to the real party-in-interest, if any. *Electronics for Imaging*, 394 F.3d at 1347; *Genentech, Inc.*, 998 F.2d at 938.

In determining whether the "first-to-file" rule applies, federal courts first look to three factors. The Court considers: (i) the chronology of the two actions; (ii) the similarity of the parties; and (iii) the similarity of the issues. *Kohn Law Group, Inc.*, 787 F.3d at 1240; *Alltrade, Inc.*, 946 F.2d at 625–626. If the second-filed action meets these requirements, it is then well within the court's discretion to dismiss, transfer, or stay the second-filed action. *Alltrade*, 946 F.2d at 625–626. As further discussed below, all three factors are met. The "first-to-file" rule applies and the Court should dismiss this case in favor of the Delaware Action.

///

///

**A.     The Delaware Action is the First-Filed Action**

On February 21, 2019, Warrior Trading filed the Delaware Action, which is approximately two weeks prior to this case. *See* RJN, ¶ 6, <u>Ex</u>. F; Parker Decl., ¶ 2, <u>Ex</u>. A. Notably, such as the case is here, courts have applied the "first-to-file" rule when the first-filed action was a petition to compel arbitration. *See Beausuperthuy v. 24 Hour Fitness US, Inc.*, Case No. 06-0715-SC, 2012 WL 3757486, at *10 (N.D. Cal. Jul. 5, 2012); *see also Pryor v. Oversears Administrative Services, Ltd.*, Case No. 10-1930-VRW, 2011 WL 13268258, at *6 (N.D. Cal. Feb. 2, 2011) (applying the "first-to-file rule" when the second-filed action was a petition to compel arbitration). Accordingly, the Delaware Action is the first-filed action.

**B.     The Parties in Both Actions are Substantially Similar**

There is no dispute that the parties in both actions are substantially similar. The "first-to-file rule" does not require strict identity of the parties, but rather "substantial similarity." *Kohn Law Group, Inc.*, 787 F.3d at 1240. "The rule is satisfied if some the parties in one matter are also in the other matter, regardless of whether there are additional unmatched parties in one or both matters." *Intersearch Worldwide, Ltd. v. Intersearch Grp., Inc.*, 544 F. Supp. 2d 949, 959 (N.D. Cal. 2008); *Location Services, LLC v. Digital Recognition Network, Inc.*, Case No. 2:18-cv-00893-KJM-AC, 2018 WL 3869169, at *2 (E.D. Cal. Aug. 15, 2018).

Here, Plaintiff and Warrior Trading are parties to the proceedings in the Delaware Action and this action. RJN, ¶ 6, <u>Ex</u>. F. The only additional party is Cameron, who is Warrior Trading's founder, president, and Chief Executive Officer. *Id*.; Parker Decl., ¶ 2, <u>Ex</u>. A. Even if Cameron was not named here, his involvement in both is inevitable because of his position within the Company, and since his testimony will be necessary to resolve the common factual issues in each action. The parties are substantially the same, if not identical, and the second factor is therefore met.

**C.     There is Substantial Overlap in the Factual Issues in Both Lawsuits**

The primary issues in both this case and the Delaware Action substantially overlap. The issues in both cases need not be identical, but only need to be "substantially similar." *Kohn Law Group, Inc.*, 787 F.3d at 1240–1241; *Int'l Fid. Ins. Co. v. Sweet Little Mex Corp.*, 665 F.3d 671,

9

677–78 (5th Cir. 2011). In determining whether two suits involve substantially similar issues, courts look to whether there is a "substantial overlap" between the two lawsuits. *Kohn Law Group, Inc.*, 787 F.3d at 1241; *Harris Cnty, Tex. v. CarMax Auto Superstores Inc.*, 177 F.3d 306, 319 (9th Cir. 1982). If both lawsuits involve "common factual issues," this factor can be satisfied despite having distinct parties, governing laws, and purported damages. *See Adoma v. Univ. of Phoenix, Inc.*, 711 F. Supp. 2d 1142, 1149 (E.D. Cal. 2010); *see also Bedwell v. Braztech Int'l, LC*, No. 3:16-cv-00217 JWS, 2017 WL 2450160, at *4 (D. Alaska June 6, 2017).

Here, both lawsuits involve overlapping or identical questions, common factual issues, discovery, and defenses. The primary issue in the Delaware litigation and this action is whether Plaintiff engaged in multiple acts of misconduct, demonstrated numerous performance deficiencies, and committed multiple violations of Company policy throughout his employment with Warrior Trading. Each parties' claims, defenses, and discovery will precisely turn on the factual circumstances surrounding Plaintiff's termination "for cause" from the Company. The resolution of whether Defendants had legitimate, non-retaliatory reasons for Plaintiff's termination and/or whether those reasons were pretextual cannot, and will not, be resolved without also explicitly addressing whether Plaintiff was terminated "for cause" pursuant to the Shareholder Agreement and all applicable employment agreements. Indeed, even Plaintiff's defamation claim is premised on the allegation that Cameron fabricated claims and allegations which induced others at Warrior Trading, including other persons on its board of directors, to believe that there was "cause" for Plaintiff's termination. Demonstrating that Cameron's purported publications were true is therefore tantamount to showing that Plaintiff was terminated "for cause." In other words, although the claims being made in both actions are different, the facts which form the basis for the parties' claims and defenses will necessarily be litigated and decided in Delaware and in this case.

Defendants categorically deny that these common factual issues can be decided in Plaintiff's favor here or in Delaware, but the fact remains that both actions involve similar issues and the parties should not be forced to litigate these issues in two different venues. Because both
///

actions will inevitably involve the same factual issues, questions, witnesses, documents, and other evidence, the last remaining factor for the "first-to-file" is therefore met.

**D.    Allowing this Case to Proceed Would Waste Significant Judicial Resources and Create a Substantial Risk of Inconsistent Rulings**

Having two different venues decide the same factual issues in both cases would create the possibility of inconsistent rulings, conflicting judgments, and be a waste of resources. The application of the "first-to-file" rule avoids these risks. *See Church of Scientology,* 611 F.2d at 750 ("The purpose of the comity principle is of paramount importance. The doctrine is designed to avoid placing an unnecessary burden on the federal judiciary, and to avoid the embarrassment of conflicting judgments.").

Allowing this case to proceed would create a substantial risk of inconsistent rulings. For example, if it were determined in the Delaware Action, but not in this case, that Plaintiff was terminated "for cause," then the Defendants, in this case, would be subject to an incompatible finding that it did not have legitimate, non-retaliatory business reasons for his termination. Likewise, if this were also the case here, Defendants would be subject to another incompatible finding that they defamed Plaintiff, since Plaintiff's defamation claim is premised on the allegation that the given reasons for his termination "for cause" were false and pretextual.

Furthermore, litigating this case at the same time as the Delaware Action will result in duplicative litigation since the parties would need to defend themselves in two separate actions comprising of common factual issues. There is no logic to this Court overseeing and coordinating duplicative discovery, as this is exactly what the "first-to-file" rule is meant to avoid. Indeed, the purpose of the "first-to-file" rule is to promote efficiency in the trial courts by avoiding unnecessary and duplicative litigation. *See Alltrade, Inc.,* 946 F.2d at 625.

Finally, a stay of this case will avoid wasting judicial resources in the event that some aspects of the parties' claims and/or defenses are precluded by a decision in the Delaware Action. As further detailed above, the Delaware Action and this case involve the same parties, similar claims and defenses, and operative facts. Therefore, it is certainly possible that aspects of the

///

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF DEFENDANTS FOR JUDGMENT ON THE PLEADINGS; OR, IN THE ALTERNATIVE, TO STAY THE PRESENT CASE

FPDOCS 35315475.2

parties' claims or defenses in this case could eventually be barred under the doctrine o*f res judicata.*

Defendants therefore respectfully request that the Court grant the instant Motion for Judgment on the Pleadings, because the first-filed Delaware Action involves the substantially same parties and issues in this case.

## VI.   ALTERNATIVELY, THIS ACTION SHOULD BE STAYED PENDING THE DISPOSITION OF THE DELAWARE ACTION PURSUANT TO THE COURT'S INHERENT AUTHORITY

District courts have the discretionary power to stay proceedings in its own court. *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936); *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis*, 299 U.S. at 254; *see Stone v. I.N.S.*, 514 U.S. 386, 411 (1995) ("[W]e have long recognized that courts have inherent power to stay proceedings.") (Breyer, J., dissenting) (citing *Landis*). A request for a stay pursuant to the Court's inherent authority "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 255.

In considering a stay, the court must weigh several factors, including "[i] the possible damage which may result from the granting of a stay, [ii] the hardship or inequity which a party may suffer in being required to go forward, and [iii] the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis*, 299 U.S. at 254–55). A stay may be granted in favor of separate proceedings, regardless of whether those separate proceedings are "judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 864 (9th Cir. 1979). The decision whether to stay a civil action is left to the sound discretion of the district court. *Dependable Highway Express, Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007).

1    Here, as set forth in more detail above, the Court should allow the Delaware Action to

2    proceed apace without the distraction of the instant litigation. Rather than having to deal with

3    two separate proceedings, a stay would simplify the issues, proof, and questions of fact and law

4    for the parties—i.e., a stay would allow the parties to address the same issues that give rise to the

5    parties' dispute in one forum, which would assist in providing for a just determination. Given

6    that this matter is still in the early stages of litigation, no prejudice would result to either party if

7    this matter is stayed. In the absence of a stay, both parties would be forced to litigate in two

8    separate proceedings based on the same set of operative facts. A stay would further eliminate the

9    substantial risk of inconsistent rulings and/or judgments in the event that both proceedings, here

10   and in Delaware, were allowed to move forward simultaneously.

11   Accordingly, this Court should exercise its inherent authority and stay the instant

12   litigation in deference to the first-filed Delaware Action.

13   **VII.    <u>CONCLUSION</u>**

14   This case belongs in Delaware, not in California. When Plaintiff entered into the

15   Shareholder Agreement, he explicitly agreed that he would submit disputes like this to binding

16   arbitration in Delaware. But Plaintiff failed to comply with his obligations under the Shareholder

17   Agreement. As a result, Warrior Trading commenced the Delaware litigation in order to compel

18   Plaintiff's participation in arbitration.

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF DEFENDANTS FOR
JUDGMENT ON THE PLEADINGS; OR, IN THE ALTERNATIVE, TO STAY THE PRESENT CASE
FPDOCS 35315475.2

1   Therefore, Defendants respectfully request that the Court grant their Motion for Judgment

2   on the Pleadings because the Delaware Action, which covers the same parties and issues, will

3   entirely resolve the parties' dispute. In the alternative, Defendants respectfully request that the

4   Court stay the instant litigation pending the disposition of the Delaware Action, pursuant to the

5   Court's inherent authority.

6   DATE: May 3, 2019                    FISHER & PHILLIPS LLP

7

8                                    By:   /s/ Alden J. Parker
9                                          Alden J. Parker, State Bar No. 196808
                                           Drew M. Tate, State Bar No. 312219
10
                                           Attorneys for Defendants
11                                         WARRIOR TRADING, INC.; and ROSS
                                           CAMERON
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF DEFENDANTS FOR
JUDGMENT ON THE PLEADINGS; OR, IN THE ALTERNATIVE, TO STAY THE PRESENT CASE
FPDOCS 35315475.2

## <u>CERTIFICATE OF SERVICE</u>

I, the undersigned, am employed in the County of Sacramento, State of California. I am over the age of 18 and not a party to the within action; am employed with the law offices of Fisher & Phillips LLP and my business address is 621 Capitol Mall, Suite 1400, Sacramento, CA 95814.

On **May 3, 2019**, I served the foregoing document entitled **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF DEFENDANTS WARRIOR TRADING, INC. AND ROSS CAMERON FOR JUDGMENT ON THE PLEADINGS; OR, IN THE ALTERNATIVE, TO STAY THE PRESENT CASE**, on all the appearing and/or interested parties in this action as follows:

Avi M. Attal                                    T:  (949) 812.4781
Samuel Yu                                      F:  (949) 281-2105
Mimi Ahn                                        E:  aattal@kahanafeld.com
KAHANA & FELD, LLP                   E:  syu@kahanafeld.com
3 Hutton Centre Drive, Suite 685     E:  mahn@kahanafeld.com
Santa Ana, CA 92707
                                                      Attorneys for Plaintiff
                                                      JEFFREY P. FORTIS

☐      **[by ELECTRONIC SUBMISSION]** - I served the above listed document(s) described via the United States District Court's Electronic Filing Program on the designated recipients via electronic transmission through the CM/ECF system on the Court's website. The Court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document(s). Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities.

☒      **[by MAIL]** I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Sacramento, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing this affidavit.

☒      **FEDERAL** - I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed **May 3, 2019**, at Sacramento, California.

Angela L. Eure                          By:  /s/ *Angela L. Eure*
Print Name                                         Signature

PROOF OF SERVICE