# EXHIBIT A

DECLARATION OF ALDEN J. PARKER IN SUPPORT OF MOTION OF DEFENDANTS WARRIOR TRADING, INC. AND ROSS CAMERON FOR JUDGMENT ON THE PLEADINGS; OR, IN THE ALTERNATIVE, MOTION TO STAY THE PRESENT CASE

PETER M. WILLIAMS, Judge
Assigned for All Purposes

**FILED**
YOLO SUPERIOR COURT

MAR 07 2019

By _____J. HARRIS_____
Deputy

1  Avi M. Attal, Esq. (SBN 251633)
   Samuel Yu, Esq. (SBN 251636)
2  Mimi Ahn, Esq. (SBN 301035)
   KAHANA & FELD LLP
3  3 Hutton Centre Drive, Suite 685
   Santa Ana, CA 92707
4  Telephone (949) 812-4781
   Facsimile (949) 281-2105
5  E-mail: aattal@kahanafeld.com;
   syu@kahanafeld.com; mahn@kahanafeld.com
6
7  Attorneys for Plaintiff Jeffrey P. Fortis

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                        FOR THE COUNTY OF YOLO

10

11 | JEFFREY P. FORTIS, an individual  | Case No.: CV19-472

12 |         Plaintiff,                | COMPLAINT FOR:

13 |     v.                            | (1) RETALIATION AND WRONGFUL
                                            DISCHARGE IN VIOLATION OF CAL.
14 | WARRIOR TRADING, INC., a Delaware      LAB. CODE §§ 1102.5, ET SEQ, AND
15 | corporation; ROSS CAMERON, an          PUBLIC POLICY;
     individual; and DOES 1 through 50, | (2) WRONGFUL TERMINATION IN
16 | inclusive,                             VIOLATION OF PUBLIC POLICY; AND
                                        | (3) DEFAMATION
17 |         Defendants.

18                                      | DEMAND FOR JURY TRIAL

19

20                            FILED BY FAX

21

22

23

24

25

26

27

28

1
COMPLAINT

## GENERAL ALLEGATIONS

1. Plaintiff Jeffrey P. Fortis ("Plaintiff" or "Fortis") is an individual residing in the County of Yolo, State of California and co-founder of Warrior Trading, Inc.

2. Upon information and belief, Defendant Warrior Trading, Inc. ("Warrior" or "Defendant") is a Delaware corporation with its principal business office in the County of Yolo, State of California.

3. Upon information and belief, Defendant was Plaintiff's employer within the meaning of Government Code § 12926, and regularly employs five (5) or more persons.

4. Upon information and belief, Defendant Ross Cameron ("Cameron") is an individual residing in Massachusetts. Plaintiff is informed and believes that Cameron, during all relevant times herein, is a co-founder, president, and Chief Executive Officer of Defendant.

5. Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Cameron is an individual pursuant to California Government Code § 12940, subdivision (h)(1), working for Defendant in Yolo County.

6. Defendants DOES 1 through 50, inclusive, are sued herein under fictitious names. Their true names and capacities are unknown to Plaintiff. When their true names and capacities are ascertained, Plaintiff will amend this Complaint by inserting their true names and capacities herein.

7. Upon information and belief, each of the fictitiously named defendants, DOES 1 through 50, inclusive, is legally responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were legally caused by those defendants, and/or that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiff's injuries as herein alleged were legally caused by such conduct.

8. Upon information and belief, Defendants in this action were and are the agents, authorized representatives, joint venturers, partners, and/or alter egos of one another, and in doing the acts alleged in this complaint, did so jointly and for a common purpose, within the course and scope of his, her or its authority as such agent, representative, joint venturer, partner, and/or alter ego, with the knowledge, consent, permission, and ratification of each other.

///

## JURISDICTION AND VENUE

9. Jurisdiction is proper in this action because Defendant maintains a principal business office in California in the city of Woodland, which is located in Yolo County, and Defendant and Cameron (hereinafter jointly referred to as, "Defendants") conduct business in Yolo County, California. Moreover, Plaintiff's employment and all relevant activities took place in Yolo County, California.

## FACTS COMMON TO ALL CAUSES OF ACTION

10. Plaintiff is a shareholder of Defendant and holds at least five percent of the total outstanding voting shares of Defendant.

11. Plaintiff was hired by Defendant on or about March 2016 to serve as Defendant's Chief Operating Officer and was to be paid in excess of $265,000.00 per year. At all times, Plaintiff competently performed his job with Defendant.

12. The parties also entered into a Shareholder Agreement where the parties agreed that if Plaintiff were to be terminated by cause, Defendant would have the option to buyback all shares held by Plaintiff. The Shareholder Agreement further provides that the valuation for those shares would be calculated by dividing the net income of Defendant's prior fiscal year by the number of outstanding shares issued to Plaintiff. Upon information and belief, the valuation method provided in the Shareholder Agreement is substantially lower than a true valuation of the shares, and Defendants took active measures to intentionally deflate the net income of Defendant in anticipation of exercising the option to buyback Plaintiff's shares.

13. In or around September 2018, Plaintiff began raising his concerns to Defendant about, among other things, improper access to Defendant's bank account and other confidential systems by Defendant's unauthorized employees and breaches of fiduciary duties related to the same. Concurrently, Plaintiff also raised his concerns about feeling singled out, harassed, and retaliated against for, among other things, having brought prior similar concerns to Defendant. Plaintiff's concerns were never addressed and, upon information and belief, never investigated.

14. In retaliation for Plaintiff's complaints, Cameron began to accuse Plaintiff of not adequately performing his job duties in an effort to establish "cause" to terminate Plaintiff in an

improper attempt to force Plaintiff to relinquish his shares of Defendant at a substantially reduced price.

15. Plaintiff continued to bring his concerns to Defendant and also complained of Cameron's retaliatory and improper actions against him, but Plaintiff's complaints were, again, never addressed and upon information and belief, never investigated.

16. On or around October 12, 2018, Plaintiff was terminated "for cause" by Defendant in retaliation for his prior complaints and as part of a scheme by Defendants to deprive Plaintiff of his shares and interests in Defendant. The grounds for Plaintiff's termination was further manufactured for the purpose of attempting to avoid inquiry regarding Defendant's potential breaches of fiduciary duty.

17. Cameron specifically fabricated claims and allegations he knew to be untrue or intentionally misleading to convince others within Defendant, including Defendant's board of directors to believe there was "cause" to terminate Plaintiff. The reasons provided as a basis for Plaintiff's termination were improper, false, fabricated, and simply untrue, and these misrepresentations directly harmed Plaintiff through his termination. Upon information and belief, false and defamatory statements continue to be made about Plaintiff by Defendants.

**FIRST CAUSE OF ACTION**

**Retaliation and Wrongful Termination in Violation of Cal. Lab. Code §1102.5**

**(Against All Defendants)**

18. Plaintiff herein incorporates by this reference, paragraphs 1 through 17, inclusive, as if set forth in full herein.

19. At all times hereto, California Labor Code § 1102.5 was in full force and effect and binding upon Defendants and each of them. This law prohibits retaliation against employees who disclose suspected illegal activity or conduct by their employer. Labor Code section 1102.5 reflects the State's broad public policy interest in encouraging workplace "whistleblowers," who may, without fear of retaliation, report concerns regarding an employer's illegal conduct, irrespective of whether the reporting is made to the governmental agencies or to the employer itself.

20. Defendants violated the law by systematically failing to investigate Plaintiff's

complaints regarding Plaintiff's concerns, including but not limited to, Defendants' fiduciary breaches and by retaliating against Plaintiff and terminating his employment because of his complaints.

21. As a proximate cause of Defendant's actions and wrongful refusal to abide by the statutory provisions set forth above, Plaintiff has been harmed, in that Plaintiff has suffered the loss of the wages, salary, benefits, and additional amounts of money Plaintiff would have received if Plaintiff's employment with Defendant would have continued. As a result of Defendant's actions, Plaintiff has suffered such damages in an amount according to proof but estimated to exceed the jurisdictional minimum for this Court.

22. As an additional proximate cause of Defendant's actions identified above, Plaintiff suffered, and will continue to suffer, pain, suffering, anxiety, emotional distress, in an amount to be proven at the time of trial.

23. The actions of Defendants, and DOES 1 to 50, as described above, was despicable conduct done with fraud, oppression, and/or malice, or with conscious disregard of Plaintiff's rights. By reason thereof, Plaintiff is entitled to punitive or exemplary damages in an amount according to proof at trial, pursuant to Civil Code section 3294.

24. As a further, direct and legal cause of Defendant's conduct, Plaintiff has been compelled to retain the services of counsel to enforce Plaintiff's rights and, therefore, has incurred and continues to incur, attorney's fees, legal fees, and expert fees and costs, for which Plaintiff is entitled to reimbursement in an amount to be established at trial.

## SECOND CAUSE OF ACTION

**Wrongful Termination Based on Public Policy**

**(Against Defendant Warrior Trading Inc., and DOES 1-50)**

25. Plaintiff herein incorporates by this reference, paragraphs 1 through 24 inclusive, as if set forth in full herein.

26. Defendant terminated Plaintiff for allegedly "poor performance," to force Plaintiff into relinquishing his shareholder shares against his will and with the intent of depriving Plaintiff of the distributions and payments to which those were shares entitled.

27. Defendant provided basis for terminating Plaintiff which was pretextual in nature and calculated to disguise the improper basis of the termination to which Plaintiff was subjected to, which is against public policy.

28. As a proximate cause of Defendant's wrongful actions, Plaintiff has been harmed in that Plaintiff has suffered the loss of the wages, salary, benefits, and additional amounts of money Plaintiff would have received if Plaintiff's employment with Defendant would have continued. As a result of Defendant's actions, Plaintiff has suffered such damages in an amount according to proof.

29. As an additional proximate cause of Defendant's actions identified above, Plaintiff suffered, and will continue to suffer, pain, suffering, anxiety, emotional distress, in an amount to be proven at the time of trial.

30. The actions of Defendant, and DOES 1 to 50, as described above, was despicable conduct done with fraud, oppression, and/or malice, or with conscious disregard of Plaintiff's rights. By reason thereof, Plaintiff is entitled to punitive or exemplary damages in an amount according to proof at trial, pursuant to Civil Code section 3294.

## THIRD CAUSE OF ACTION

### Defamation

### (Against All Defendants)

31. Plaintiff herein incorporates by this reference, paragraphs 1 through 30, inclusive, as if set forth in full herein.

32. As explained in detail above, Cameron caused to be published false and unprivileged communications tending to directly injure Plaintiff in his respective business and professional reputation. Upon information and belief, Defendant, through Cameron, made knowingly untrue statements to persons within Defendant to induce Defendant to believe "cause" existed to terminate Plaintiff from his position for poor performance and for improper use of company funds. Specifically, Defendant, through Cameron, falsely stated that Plaintiff had not performed his job duties competently and used company funds for his own private use. Such statements are patently false and were known to be false at the time they were made. Defendants have no reasonable basis for believing the defamatory statements to be true and in fact, knew the statements were untrue.

33. Plaintiff, at all times, performed his duties properly and competently, and was not terminated for poor performance, but in retaliation for exercising his protected rights and as part of a scheme to force Plaintiff to relinquish his shares of Defendant against his will and in violation of his rights.

34. The parties, after hearing such statements understood them, and believed them to be true, because of the authoritative credibility of Cameron.

35. The false and unprivileged communications as set forth above, were published with express and implied malice on the part of Cameron and Defendant with the designed intent to injure Plaintiff and his good name. Moreover, Cameron and Defendant continue to make defamatory statements against Plaintiff that further cause harm.

36. The published statements were libelous and slanderous per se pursuant to California Civil Code § 46(1) and 46(3).

37. As an additional proximate cause of Cameron's and Defendant's defamation of Plaintiff, Plaintiff suffered, and will continue to suffer, injury to his personal, business, and professional reputation, including suffering embarrassment, humiliation, severe emotional distress, shunning, anguish, fear, loss of employment, and employability, and significant economic loss in the form of lost wages and future earnings, all to Plaintiff's economic, emotional, and general damages in an amount according to proof.

38. Defendants' defamatory publications and statements were a substantial factor in causing Plaintiff harm. Plaintiff has been damaged in an amount to be proved at trial, not in excess of the jurisdictional limits of this court.

39. The actions of Cameron and Defendant, as described above, was despicable conduct done with fraud, oppression, and/or malice, or with conscious disregard of Plaintiff's rights. By reason thereof, Plaintiff is entitled to punitive or exemplary damages in an amount according to proof at trial, pursuant to Civil Code section 3294.

**WHEREFORE, Plaintiff prays for judgment against Defendants Warrior Trading, Inc. and Ross Cameron, jointly and severally, as follows:**

1. For compensatory damages including back pay, front pay, retirement benefits and

other employee benefits and all other sums of money, in an amount to be prove at the time of trial but believed to be in excess of $500,000;

2. For special damages, expenses, general damages for mental pain and anguish and emotional distress, and other damages to be proven at the time of trial;

3. For all civil penalties;

4. For punitive damages;

5. For interest on the damages according to proof at the legal rate;

6. For attorney's fees;

7. For costs of suit; and

8. For such other further relief as the Court may deem proper

## REQUEST FOR JURY TRIAL

Plaintiff requests a trial by jury.

DATED: March 7, 2019                                    **KAHANA & FELD LLP**

By: _____
Avi M. Attal
Samuel Yu
Mimi Ahn
Attorneys for Plaintiff Jeffrey P. Fortis