Avi M. Attal, Esq. (SBN 251633)
Samuel Yu, Esq. (SBN 251636)
Mimi Ahn, Esq. (SBN 301035)
KAHANA & FELD LLP
2603 Main Street, Suite 350
Irvine, CA 92614
Telephone (949) 812-4781
Facsimile (949) 245-7597
E-mail: aattal@kahanafeld.com;
syu@kahanafeld.com;
mahn@kahanafeld.com

Attorneys for Plaintiff Jeffrey P. Fortis

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY P. FORTIS, an individual<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>WARRIOR TRADING, INC., a California corporation, ROSS CAMERON, an individual; and DOES 1 through 50, inclusive,<br><br>　　　　Defendants. | Case No.: 2:19-cv-00627-MCE-KHN<br><br>**PLAINTIFF JEFFREY P. FORTIS' OPPOSITION TO DEFENDANTS WARRIOR TRADING, INC. AND ROSS CAMERON'S MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Date:　　　　June 13, 2019<br>Time:　　　　2:00 p.m.<br>Location:　　Courtroom 7<br><br>Removed:　　April 12, 2019<br>Trial Date:　　None set |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.     INTRODUCTION

Defendants Warrior Trading, Inc. and Ross Cameron present matters outside the pleadings and irrelevant facts in support of their Motion for Judgment on the Pleadings. The instant action concerns the wrongful termination of Plaintiff Jeffrey P. Fortis in connection to his employment at Warrior Trading, Inc. By relying on the Shareholder Agreement between Fortis and Warrior Trading, Defendants implicitly concede that there is no employment agreement that necessitates arbitration or the application of Delaware law.

However, Fortis is not seeking an interpretation of any provisions within the Shareholder Agreement, and the Shareholder Agreement has no bearing in this action. Instead, Fortis simply seeks to enforce his rights as an employee who lived and worked in California, where Warrior Trading maintains a principal business office. The claims brought in this action are distinct and distinguished from the arbitration demand sought by Warrior Trading in Delaware in that this action solely concerns Fortis' wrongful termination and does not address any rights Fortis had under the Shareholder Agreement.

Ultimately, the Complaint sets forth specific facts with respect to each of the three causes of action, and Defendants' reliance on the Shareholder Agreement is entirely misplaced. Based on the foregoing, the Court should deny Defendants' Motion in its entirety.

## II.    ARGUMENT

### A.    Legal Standard for Judgment on the Pleadings

A motion for judgment on the pleadings must be brought "after the pleadings are closed and within such time as to not delay the trial." Fed. R. Civ. P. 12(c). The "close of pleadings" refers to the time "once a complaint and answer have been filed, assuming…that no counterclaim or cross-claim is made." *Doe v. U.S.*, 419 F. 3d 1058, 1061 (9th Cir. 2005) (citing Fed. R. Civ. P. 7(a).) Thus, where a motion for

judgment on the pleadings is filed before any answer is filed, it is premature and should be denied. *Id.*

For purposes of a motion for judgment on the pleadings, the "allegations of the non-moving party must be accepted as true, while the allegations of the moving party which have been denied are assumed to be false." *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F. 2d 1542, 1550 (9th Cir. 1989).

A motion for judgment on the pleadings "may not be granted 'unless it appears beyond a doubt that the [non-moving] party cannot prove any facts that would support his claim for relief.'"  1 William W. Schwarzer et al., Federal Civil Procedure Before Trial § 9:335 (2015).

All inferences reasonably drawn from the material facts alleged in the complaint must be construed in favor of the responding party. *General Conference Corp. of Seventh-Day Adventists v. Seventh-Day Adventist Congregational Church*, 887 F. 2d 228, 230 (9th Cir. 1989).  Thus, a defendant is not entitled to judgment on the pleadings if the complaint raises issues of fact which, if proved, would support recovery. *Id.*

In addition, if matters "outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56" and all parties "must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). Here, the Motion is improper, as it is brought under Fed. R. Civ. P. 12(c) but presents matters outside the pleadings. To the extent the Court does not exclude such matters, the Motion should be treated as a motion for summary judgment, and Fortis must be given a reasonable opportunity to present all the material that is pertinent to the motion.

**B.   The Forum Selection Clause Does Not Apply Because This Action Does Not Arise from the Contracts**

Whether a forum selection clause applies to tort claims depends on whether resolution of the claims relates to **interpretation** of the contract. *Berrett v. Life Ins.*

*Co. of the Southwest*, 623 F. Supp. 946, 948-49 (D. Utah 1985). There, the court stated that "compelling factual considerations may dictate that claims otherwise governable by forum selection clauses be retained for disposition in the District where filed." *Id.* at 949 (citing *Bankers Trust Co. v. Worldwide Transportation, Inc.*, 547 F. Supp. 1101, 1112 (E.D. Ark. 1982)). The *Berrett* court determined that where the alleged tortious acts are "unrelated to the **interpretation**" of the agreement, the forum selection clause does not apply. *Id.* (emphasis added). The court then concluded that the parties were unlikely to have "contemplated that tort claims…would be governed by the forum selection clause" and determined that it did not apply as to claims of intentional interference with business relations, wrongful inducement to breach and defamation. *Id.*

Similarly, in *Crowley v. CyberSource Corp.*, 166 F. Supp. 2d 1263, 1267 (N.D. Cal. 2001), the court found that a forum selection clause did not apply because the claims did not pertain to the agreement that contained the forum selection clause. There, Amazon.com, Inc. ("Amazon") brought a motion to dismiss for improper venue based on a forum selection clause within a Participation Agreement, an "agreement to which one had to assent before using Amazon's 'person-to-person' transaction services, Amazon Auctions and zShops." *Id.* Amazon argued that because it only used CyberSource for transactions on its Auctions or zShope, the only persons who could "complain of CyberSource's conduct" are those who clicked on the Participation Agreement, which contained the forum selection clause. *Id.* The court determined that the claims pertained to a separate Privacy Policy and not the Participation Agreement, and as such, denied Amazon's motion to dismiss for improper venue. *Id*. at 1267-69.

Here, Fortis brings claims related to his employment, not as a shareholder, at Warrior Trading. The claims consist of Retaliation and Wrongful Termination in Violation of *Cal. Labor Code* § 1102.5, Wrongful Termination Based on Public Policy, and Defamation. These claims are entirely unrelated to the interpretation of

any written agreements and has nothing to do with the Shareholder Agreement that Defendants rely on in their Motion. Fortis is not seeking to enforce his rights under the Shareholder Agreement and is not invoking any provision within the Shareholder Agreement.

Ultimately, because Fortis' claims do not require the interpretation of any contracts and only arises from his employment relationship and not his status as a shareholder at Warrior Trading, the forum selection clause does not apply.

### C. This Action Should Not Be Dismissed, as Venue Is Proper Before This Court

Defendants seemingly concede that venue is proper before this Court absent the arbitration clause and forum selection clause within the inapplicable Shareholder Agreement, as Defendants raise no arguments concerning the propriety of this Court's jurisdiction. Federal law authorizes a civil action to be brought where a substantial part of the events or omissions giving rise to the claim occurred. 28 U.S.C. § 1391(b)(2). "[T]he substantiality of the operative events is determined by assessment of their ramifications for efficient conduct of the suit." *Myers v. Bennett Law Offices*, 238 F.3d 1068, 1076 (9th Cir. 2001) quoting *Lamont v. Haig*, 590 F.2d 1124, 1134-1135 (D.C. Cir. 1978). In tort actions, "the locus of the injury was a relevant factor." *Id.*

The court has "broad discretion to decide the manner in which to resolve the question" whether venue exists. 1 William W. Schwarzer et al., Federal Civil Procedure Before Trial § 9:138 (2015). When venue is challenged solely on the basis of declarations and discovery, the motion "should be denied if plaintiff makes a prima facie showing of proper venue." *Id*. at 9:139.1 (citing *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1138-39 (9th Cir. 2004) ("motion based upon forum-selection clause must draw all reasonable inferences and resolve all factual conflicts in favor of party opposing enforcement of the clause").

Here, as established above, a substantial part of the events or omissions giving rise to the claim occurred in this district. 18 U.S.C. § 1391(b)(2). As alleged at paragraph 9 of the Complaint, Fortis' "employment and all relevant activities took place in Yolo County, California." (Compl. ¶ 9.) While the Complaint does allege that Fortis was a shareholder at Warrior Trading, the claims pertain to his wrongful termination and not in relation to any terms within the Shareholder Agreement.

As Fortis alleges at paragraph 13 of the Complaint, he began raising concerns in or around September 2018 about "improper access to Defendant's bank account and other confidential systems by Defendant's unauthorized employees and breaches of fiduciary duties related to the same." (Compl. ¶ 13.) It was in retaliation to such complaints that Warrior Trading's principal, Ross Cameron, began to accuse Fortis of "not adequately performing his job duties in an effort to establish 'cause' to terminate Plaintiff." (Compl. ¶ 14.)

Ultimately, Fortis was employed by Warrior Trading, a company that maintains a principal business office in California. (Request for Judicial Notice "RJN") ¶ 2, Exh. A.) Fortis' employment took place entirely in California, within this judicial district. (Compl. ¶ 9.) Based on the above, a substantial part of the events or omissions giving rise to Fortis' claims occurred in California and Yolo County in particular. As such, venue is proper and should remain with this Court.

### D. In the Event This Motion Is Granted, Fortis Requests Leave to Amend, in the Alternative

As set forth in Fed. R. Civ. P. 15(a)(2), the court "should freely give leave when justice so requires." Where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one more chance to amend the complaint before the district court dismisses the action. *Silva v. Bieluch*, 351 F.3d 1045, 1048 (11th Cir. 2003); *DeCarlo v. Fry*, 141 F.3d 56, 62 (2nd Cir. 1998).

Here, to the extent the allegations made by Fortis in his initial Complaint are not sufficient, Fortis requests leave to amend to allege further facts regarding the

employment claims and its distinction to the shareholder claims alleged by Warrior Trading.

## III.  CONCLUSION

For the foregoing reasons, Fortis respectfully requests that the Court deny Defendants Warrior Trading, Inc. and Ross Cameron's Motion for Judgment on the Pleadings in its entirety.

DATED: May 30, 2019                    **KAHANA & FELD LLP**

By: _____
Samuel Yu
Attorney for Plaintiff Jeffrey P. Fortis

# **CERTIFICATE OF SERVICE**

I hereby certify that on the 6th day of May, 2019, I will electronically file the foregoing document with the Clerk of the Court using the CM/ECF system. I hereby certify I will electronically serve the following CM/ECF users and I will serve the document by U. S. Mail to the non-ECF filing user listed below:

Drew M. Tate, Esq.

dtate@fisherphillips.com

FISHER & PHILLIPS LLP

621 Capitol Mall, Suite 1400

Sacramento, CA 95814


Alden John Parker

aparker@fisherphillips.com

FISHER & PHILLIPS LLP

621 Capitol Mall, Suite 1400

Sacramento, CA 95814


**Non-ECF filing user:**

Jeffrey P. Fortis

69 Olive Way

Woodland, CA 95695


Dated this 30th May, 2019

Hannah Goffredo