Alden J. Parker, State Bar No. 196808
Email: aparker@fisherphillips.com
Drew M. Tate, State Bar No. 312219
Email: dtate@fisherphillips.com
FISHER & PHILLIPS, LLP
621 Capitol Mall, Suite 1400
Sacramento, CA 95814
Telephone (916) 210-0400
Facsimile (916) 210-0401

Attorneys for Defendants
WARRIOR TRADING, INC.;
and ROSS CAMERON

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY P. FORTIS, an individual,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>WARRIOR TRADING, INC., a Delaware corporation; ROSS CAMERON, an individual; and DOES 1 through 50, inclusive,<br><br>　　　　　Defendants. | Case No.: 2:19-cv-00627-MCE-KHN<br><br>**DEFENDANTS WARRIOR TRADING, INC. AND ROSS CAMERON'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Date:　　　June 13, 2019<br>Time:　　　2:00 p.m.<br>Location:　　Courtroom 7<br><br>Removed:　　April 12, 2019<br>Trial Date:　None set |

I.  **INTRODUCTION**

In Opposition, Plaintiff Jeffry P. Fortis ("Plaintiff") simply fails to dispute the fact that the "first-to-file" rule bars or stays this action in favor of the Delaware litigation. Plaintiff does not even address the "first-to-file" rule directly and he thus implicitly admits that its application is appropriate. The arguments that Plaintiff does raise in his Opposition simply lack any merit.

Plaintiff first contends that Defendants Warrior Trading, Inc. and Ross Cameron's (collectively "Defendants") Motion is improper because it presents matters outside the pleadings and should be converted into a dispositive motion under Rule 56. However, a court may take judicial notice of matters of public record without converting a motion into a dispositive motion as long as the facts are not subject to reasonable dispute. Here, Defendants request that the Court take judicial notice of the matters filed in the Delaware Action in order to apprise the Court of those proceedings.  Defendants do not seek to introduce the truth of the matters asserted therein, but seek simply to show the fact that such litigation exists. Since the pleadings and papers on file in Delaware are properly subject to judicial notice, those matters can be considered by the Court without converting Defendants' Motion into a dispositive motion under Rule 56.

Plaintiff next asserts that Defendants' Motion should be denied because the forum selection clause in the Shareholder Agreement does not apply because this action does not arise under that Agreement, nor does this action require the interpretation of that Agreement. Defendants, here, do not seek to enforce the forum selection clause in the parties' Shareholder Agreement. They instead request that the Court decline jurisdiction because the Delaware litigation is already litigating the facts and issues presented in this case. Indeed, the "first-to-file" rule does not require that Plaintiff's tort claims fall within the purview of any forum selection clause.  All that is required is that the parties and issues in two lawsuits be substantially similar. Although the claims the parties make against each other here and in Delaware are distinct, the underlying facts and issues form the basis of the parties' claims and defenses in both lawsuits. As such, Plaintiff cannot escape the application of the "first-to-file" rule in this case.

Lastly, Plaintiff claims that this action should not be dismissed because venue is proper in California and Yolo County. Plaintiff's argument is wholly lacking. Defendants are not

contending that venue is improper and/or seek to enforce a forum selection clause. Rather they request that the Court abstain from exercising jurisdiction in order to promote efficiency and to prevent the real possibility of inconsistent rulings and/or judgments. Tellingly, Plaintiff cites to no legal authority which would support the claim that proper venue could prevent the Court from abstaining from exercising its jurisdictional power. It otherwise defies logic to make such a claim since it would undermine the policy of promoting efficiency and comity when a "first-filed" action contains the same parties and issues as a second-filed action.

Defendants thus submit that the Court should grant their Motion for Judgment on the Pleadings without leave to amend. Alternatively, Defendants submit that this action should be stayed pending the disposition of the Delaware Action.

## II. <u>LEGAL ARGUMENTS</u>

### A. Defendants' Motion is Proper under Rule 12(c) and Should Not Converted to a Motion for Summary Judgment under Rule 56

In Opposition, Plaintiff first contends that Defendants' "Motion is improper, as it is brought under Fed. R. Civ. P. 12(c), but presents matters outside the pleadings." Plaintiff's Opposition to Defendants' Motion for Judgment on the Pleadings ("Opposition"), p. 2. Plaintiff thus argues that Defendants' Motion should be treated as a Motion for Summary Judgment. Plaintiff's contention is wholly without merit.[1]

As set forth in more detail in Defendants' moving papers, judgment on the pleadings is appropriate when, even if all material facts under attack are true, the moving party is entitled to judgment as a matter of law. *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). Although, as with Motions under Rule 12(b)(6), if matters outside the pleadings are presented to and not excluded by the Court, a motion for judgment on the pleadings can be converted into a Rule 56 dispositive motion. Fed. R. Civ. P. 12(d); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1989). However, "the fact that . . . extrinsic material [may] be

---

[1] Plaintiff offers only conclusory and boilerplate objections, without any argument or legal citations, to Defendants' Request for Judicial Notice, nor does he dispute the documents authenticity. Most notably, Plaintiff does not dispute the authenticity of the Shareholder Agreement which bears his signature and is relied upon in his Complaint.

submitted to the Court does not automatically convert a motion for judgment on the pleadings into one for summary judgment. It must appear that the court relied on the extrinsic evidence in reaching its conclusions before that conversion occurs." *Qwest Communications Corp. v. City of Berkeley*, 208 F.R.D. 288, 291 (N.D. Cal. 2002) (citing *Homart Dev. Co. v. Sigman*, 868 F.2d 1556, 1561–62 (11th Cir. 1989)); *In re Mortg. Electronic Registration Systems, Inc.*, 754 F.3d 772, 781 (9th Cir. 2014).

Importantly, such as the case here, "[o]ne exception to this general rule is that a 'court may take judicial notice of matters of public record without converting a motion [] into a motion for summary judgment, as long as the facts noticed are not subject to reasonable dispute.'" *Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1016 fn. 6 (9th Cir. 2012) (quoting *Intri–Plex Techs., Inc. v. Crest Grp., Inc.,* 499 F.3d 1048, 1052 (9th Cir. 2007)); *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001); *U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). A fact is not subject to reasonable dispute when it is generally known or can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Fed R. Evid. 201. Judicial notice otherwise must be taken if the court is supplied with all of the necessary information. Fed. R. Evid. 201(d); *see Mullis v. United States Bank. Ct.*, 828 F. 2d 1385, 1388 fn. 9 (9th Cir. 1987); *Lyon v. Gila River Indian Comm.*, 626 F. 3d 1059, 1075 (9th Cir. 2010) (finding that it was an abuse of discretion to deny judicial notice when all of the necessary information for such notice supplied).

Here, Defendants assert that this Court should apply the well-established "first-to-file" rule and dismiss this action in favor of the Delaware Action, since it already involves the same parties, questions, issues, and defenses. Accordingly, to apprise this Court of that concurrent litigation, Defendants request the Court to take judicial notice of matters of public record—i.e., the pleadings and papers contained on file in the Delaware proceedings. *See* Defendants' Request for Judicial Notice ("RJN"), ¶¶ 1-6, Exs. A-F.[2] In doing so, Defendants are not seeking to

---

[2] Exhibits A-E attached to Defendants' Request for Judicial Notice were attached as exhibits to Warrior Trading's Complaint to Compel Arbitration, which was filed in the Delaware action. *See* RJN, ¶ 6, Ex. F; Dkt. No. 5-10, pp. 10-29 (Shareholder Agreement), pp. 31-38 (Warrior Trading's Correspondence), pp. 40-59 (Demand for Arbitration), pp. 61-100 (AAA Arbitration Demand), and pp. 102-103 (AAA's Acknowledgment letter).

3
DEFENDANTS' REPLY TO OPPOSITION TO MOTION FOR JUDGMENT ON THE PLEADINGS
FPDOCS 35541074.2

introduce the truth of the matters asserted therein, but rather they seek to establish the fact of such litigation for the purposes of meeting the requirements of the "first-to-file" rule. Defendants would be unable to do so if their Motion merely presented those matters contained on the face of Plaintiff's Complaint as the Court would simply be unaware of the Delaware Action. Because the pleadings and papers on file in Delaware can be accurately and readily determined, Defendants present matters that are properly subject to judicial notice and may be considered by the Court without converting the Motion into a dispositive motion under Rule 56.

Furthermore, Plaintiff's Complaint makes explicit references to the Shareholder Agreement, which he executed during his employment with Warrior Trading. *See* Opposition, pp. 3-4; RJN, ¶ 2, Ex. A. Documents not physically attached to a complaint may also be considered by the Court without converting a motion to a dispositive motion, if the pleading makes reference to the document, the document is central to the plaintiff's claims, and no party questions its authenticity. *United States v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011); *Knievel v. ESPN*, 393 F.3d 1068, 1076–1077 (9th Cir. 2005). Here, Plaintiff disingenuously claims that the Shareholder Agreement has no bearing on his allegations, as his claims are undeniably predicated on his status as a Shareholder and the provisions contained in the Shareholder Agreement he referenced in his own Complaint. Plaintiff specifically claims that Warrior Trading and Cameron allegedly manufactured false bases and reasons to establish "cause" for his termination within the meaning of the Shareholder Agreement. *See* Declaration of Alden J. Parker ("Parker Decl."), Ex. A, ¶¶ 12-17. Defendants purportedly did so to deprive Plaintiff of his shares and interest in the Company in order to ultimately force him to relinquish his shares at a substantially reduced price as outlined by the procedures contained in the Shareholder Agreement. *Id*. at ¶¶ 14, 16. The Shareholder Agreement, which is referred to in Plaintiff's Complaint and whose authenticity cannot seriously be doubted, is thus central to Plaintiff's claims and it may also be considered by the Court without converting Defendants' Motion to a summary judgment motion.

///

///

1  Defendants therefore respectfully submit that, although they present matters outside of
2  the four corners of Plaintiff's Complaint, the Court can properly consider those matters without
3  converting Defendants' Motion into a summary judgment motion under Rule 56.

**B.    The Forum Selection Clause in the Shareholder Agreement does not Defeat the Application of the "First-to-File" Rule**

Plaintiff next relies on *Berrett v. Life Insurance Co. of the Southwest*, 623 F. Supp. 946 (D. Utah 1985) and *Crowley v. CyberSource Corp.*, 166 F. Supp. 2d 1263 (N.D. Cal. 2001) for the assertion that the forum selection clause in the Shareholder Agreement does not apply to Plaintiff's tort claims because this action does not arise under that Agreement, nor does this action require that Agreement's interpretation. Opposition, pp. 2-4. Plaintiff's reliance is misplaced.

In *Berrett*, the parties entered into an agency agreement containing a forum selection clause allowing the plaintiffs to write insurance policies for defendant. *Berrett*, 623 F. Supp. at 947. Sometime thereafter, the plaintiffs discovered that employees for defendant allegedly contacted policyholders in Utah and told them that plaintiffs were no longer authorized to sell its insurance. *Id*. The plaintiffs thus sued the defendant claiming breach of the agency agreement and the failure to pay commissions/renewal commissions, as well as claims for the tortious interference with contractual relations, wrongful inducement to breach the agency agreement, and defamation based upon those allegedly improper telephone calls. *Id*. at 947–48. The defendant moved to dismiss, in part, arguing that the proper venue was in Texas according to the forum selection clause in the agency agreement. *Id*. at 948.

The *Berrett* court had to, in pertinent part, determine whether the forum selection clause was applicable and enforceable as to both the contract claims and tort claims. *Berrett*, 623 F. Supp. at 949. In its analysis, the court first noted that the alleged tortious acts of making improper telephone calls were unrelated to the parties' agency agreement. *Id*. The Court then reasoned that it was unlikely that the parties contemplated such tort claims when they entered into the agency agreement and that the tort claims did not arise "hereunder" so as to come within the scope of the forum selection clause. *Id*. As such, the plaintiffs' tort claims were not governed by the forum selection clause and the motion to dismiss for improper venue was denied.

5
DEFENDANTS' REPLY TO OPPOSITION TO MOTION FOR JUDGMENT ON THE PLEADINGS
FPDOCS 35541074.2

Moreover, in *Crowley*, the plaintiff filed a putative class action against Amazon arising out of is use of CyberSource Corporation ("CyberSource") to verify the identity of persons making online credit card purchases. 166 F. Supp. 2d at 1265–66. The plaintiff complained that, when Amazon transmitted information to CyberSource, CyberSource stored customer personal information without customer knowledge or consent with the purpose of creating personal profiles. *Id*. Amazon moved to dismiss for, among other things, improper venue under Rule 12(b)(3) as a forum selection clause in a contract agreed to by each class member applied to the dispute. *Id*. at 1266–67. That clause was contained in a "Participation Agreement" to which one had to assent to before using Amazon's "person-to-person" transaction services, Amazon Auctions, and zShops. *Id*. at 1267. Amazon only used CyberSource for transactions on the latter two. *Id*. The only class members who could thus complain of CyberSource's alleged misconduct were those who used Amazon Auctions and zShops, and each of those persons assented to the "Participation Agreement," thus accepting the forum selection clause. *Id*.

The *Crowley* court thus had to determine whether the forum selection clause in the "Participation Agreement" applied to the plaintiff's claims. *Crowley*, 166 F. Supp. 2d at 1267–68. The Court held that it did not. *Id*. The court reasoned that the forum selection clause applied to "any action at law or in equity arising out of or relating to these terms and conditions," in other words, the terms and conditions of the Participation Agreement. *Id*. at 1267. That agreement also included a provision encompassing "all policies and guidelines incorporated by reference." *Id*. Although Amazon's Privacy Policy, upon which the plaintiff's claims were based, was referenced in Participation Agreement, it was not incorporated by reference. *Id*. at 1267–68. As a result, the court found that the forum selection clause did not apply, and it thus denied Amazon's motion to dismiss for improper venue.

*Berrett* and *Crowley* provide zero support for Plaintiff's position. First, unlike the defendants in those cases, Defendants here do not contend that venue in California is improper, nor do they seek to enforce the forum selection clause in the Shareholder Agreement under the relevant venue statutes. In their Motion, Defendants instead contend that this Court should decline *jurisdiction* because this action and the Delaware Action involve the substantially same

parties and issues. As set forth in more detail in their moving papers, the "first-to-file" rule is a rule of federal comity which directs the court who first acquired jurisdiction over the substantially same parties and issues to try the lawsuit in order to promote efficiency, consistency, and economy. *See Alltrade, Inc. v. Uniweld v. Prod., Inc.* 946 F.2d 622, 625 (9th Cir. 1991); *Kohn Law Group, Inc. v. Auto Parts Mfg. Mississippi, Inc.*, 787 F.3d 1237, 1239 (9th Cir. 2015). Accordingly, Defendants do not challenge that propriety of venue (i.e., the geographical specification where the Court may properly exercise its jurisdiction), but request that the Court decline to adjudicate the matters in controversy here and bind the parties to its judgment as a matter of judicial economy and comity.

Second, the applicability of the "first-to-file" rule does not require any determination as to whether Plaintiff's specific tort claims are covered by any applicable forum selection clause. Although the question of whether disputes are covered by a forum selection clause is a matter of contract interpretation, *see Manetti-Farrow, Inc. v. Gucci America, Inc.*, 858 F.2d 509, 514 (9th Cir. 1988), the "first-to-file" rule simply permits a court to decline jurisdiction when two lawsuits involve the substantially same parties and issues. *See Kohn Law Group, Inc.*, 787 F.3d at 1240–41; *Int'l Fid. Ins. Co. v. Sweet Little Mex Corp.*, 665 F.3d 671, 677–78 (5th Cir. 2011). Here, a determination as to whether Plaintiff's claims fall under the purview of the forum selection clause in the Shareholder Agreement is of no significance. Defendants only need to show that this action and the Delaware Action contain the substantially same parties and issues.[3] Importantly, Plaintiff **fails** to contend in his Opposition that the "first-to-file" rule is inapplicable, and he tacitly admits that this action should be dismissed or stayed in favor of the Delaware Action.

Third, and contrary to Plaintiff's general and conclusory contentions, Plaintiff's employment claims are "related to" the Shareholder Agreement and intertwined with Warrior Trading's claims in the Delaware Action. Plaintiff himself repeatedly references the Shareholder

---

[3] Assuming *arguendo* that Plaintiff's argument applies to this case, the forum selection clause in the Shareholder Agreement encompasses the dispute here. Specifically, the Agreement requires that "any controversy or claim arising out of or relating to this Agreement" shall be arbitrated in Delaware. *See* RJN, ¶ 1, Ex. A. Plaintiff's claims clearly arise from and/or relate to the Shareholder Agreement as he claims that he was wrongfully terminated "for cause" and that Defendants improperly sought to buy-back his shares, which are specific provisions contained in the Shareholder Agreement.

Agreement in his Complaint as a basis for his claims. Furthermore, as set forth in more detail in Defendants' moving papers, the determination as to whether Defendants had legitimate, non-retaliatory reasons for Plaintiff's termination and/or whether those reasons were pretextual cannot, and will not, be resolved without explicitly resolving whether Plaintiff was terminated "for cause" within the meaning of the Shareholder Agreement and any applicable employment agreements. Both of those claims are predicated on the same facts and circumstances. Likewise, Plaintiff's defamation claim is predicated on the allegation that Defendants' "cause" determination was manufactured in order to force Plaintiff to relinquish his shares and based upon false publications. Litigating substantial identical issues between identical parties in two different forums is not only entirely inefficient, but it also runs the real risk of disparate rulings and judgments. Plaintiff has directly and specifically put the Shareholder Agreement at issue in his Complaint and he now seeks to avoid the application of the "first-to-file" rule through general and conclusory contentions. In sum, although the claims and defenses the parties make against each other are distinct as a matter of form, the underlying facts, issues, and substance are substantially the same here and in Delaware.

In short, *Berrett* and *Crowley* provide zero support for the denial of Defendants' Motion for Judgment on the Pleadings. Defendants do not seek to enforce the Shareholder Agreement's forum selection clause, but instead request that the Court decline jurisdiction under the "first-to-file" rule that does not require an interpretation of any forum selection clause. The rule simply requires that this action and the Delaware Action comprised of the substantially same parties and issues. This action and the Delaware Action meet those requirements. Defendants therefore submit that their Motion should be granted.

**C.    Venue in this Case does not Defeat the Application of the "First-to-File" Rule**

Plaintiff similarly contends that this Motion should be denied because venue is proper under 28 U.S.C. section 1391(b)(2). *See* Opposition, pp. 4-5. Plaintiff specifically argues that because he has made a prima facie showing of venue, venue should remain in this Court. Again, Plaintiff's argument completely misses the mark.

///

Plaintiff's Opposition first fails to recognize that jurisdiction and venue are completely different concepts. Jurisdiction is the power of the Court to adjudicate the matter in controversy and to bind persons/entities to its judgment. *See Securities Investor Protection Corp. v. Vigman*, 764 F.2d 1309, 1313 (9th Cir. 1985); *Leroy v. Great Western United Corp.*, 443 U.S. 173, 180 (1979). Venue, on the other hand, is simply the selection of the geographical location where that jurisdictional power may be properly exercised and is otherwise intended for the convenience of the parties. *See* 28 USC § 1390(a); *Securities Investor Protection Corp.*, 764 F.2d at 1313. In other words, whereas jurisdiction involves the power of the court to render an effective judgment, "[v]enue rules generally reflect equity or expediency in resolving disparate interests of parties to a lawsuit in the place of trial." *Burlington Northern R.R. Co. v. Ford*, 504 U.S. 648, 651 (1992). As such, it is wholly unclear as to how venue could deprive the Court's ability of abstaining from jurisdiction in any given case.

Further, Defendants do not contend that venue is improper in California, nor do they seek to enforce the forum selection clause in the Shareholder Agreement. In this case, Defendants contend that the Court should abstain from jurisdiction in order to prevent the possibility of inconsistent rulings, conflicting judgments, and/or avoid wasting the Court's and the parties' resources. Tellingly, Plaintiff cites to no legal authority which would support the claim that venue could prevent the Court from abstaining from exercising its jurisdictional power. It also simply defies logic to claim that, since venue is proper in California, the Court cannot, or should not, decline to exercise its jurisdictional power when the first-filed action in Delaware involves the substantially same parties and issues. Such a result would undermine the purpose of the "first-to-file" rule, which is to promote efficiency and comity in the federal trial courts by avoiding duplicative litigation.

Therefore, even if venue is proper in California and in Yolo County, the propriety of venue cannot, and does not, prevent this Court from exercising its discretion in declining to exercise jurisdiction to further federal comity. Venue can be appropriate in more than one place. *See* RJN, ¶ 6, Ex. F, Verified Complaint to Compel Arbitration, ¶ 6. Therefore, Defendants

///

1  submit that this case meets the requirements of the "first-to-file" rule and should be either
2  dismissed or stayed in favor of the Delaware Action.

### D. Plaintiff should not be Permitted Leave to File an Amended Complaint

4  If Defendants' Motion is granted, Plaintiff requests leave to amend in order to allege
5  further facts distinguishing his employment claims from those claims Warrior Trading raises in
6  the Delaware. Opposition, pp. 5-6. Plaintiff will be unable to make such a showing.

7  Federal courts may grant a party leave to file an amended pleading "when justice so
8  requires." Fed. R. Civ. P. 15(a)(3). A court may nevertheless dismiss a complaint without leave
9  if the pleading could not be saved by any amendment. *Air Aromatics, LLC v. Opinion Victoria's
10 Secret Store Brand Management, Inc.*, 744 F.3d 595, 600 (9th Cir. 2001). Leave should be denied
11 when "the court determines that the allegations of other facts consistent with the challenged
12 pleading could not possibly cure the deficiency." *Schreiber Distributing Co. v. Serv-Well
13 Furniture Co., Inc.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

14 Here, any amendment will be futile as any supplemental facts regarding Plaintiff's tort
15 claims will more than likely involve the same facts in dispute in the Delaware Action. In other
16 words, additional allegations which would supposedly support Plaintiff's tort claims could not,
17 and would not, circumvent the application of the "first-to-file" rule. Therefore, Defendants
18 respectfully request that Plaintiff be denied leave to amend.

### III. CONCLUSION

20 Based on the foregoing reasons, Defendants respectfully request that the Court grant their
21 Motion for Judgment on the Pleadings since the Delaware litigation will resolve the parties'
22 dispute. Alternatively, if Defendants' Motion, Defendants respectfully request that the Court stay
23 this action pending the disposition of the Delaware litigation.

DATE: June 6, 2019                FISHER & PHILLIPS LLP

                                  By: /s/ *Alden J. Parker*
                                      Alden J. Parker, State Bar No. 196808
                                      Drew M. Tate, State Bar No. 312219

                                  Attorneys for Defendants
                                  WARRIOR TRADING, INC.; and ROSS
                                  CAMERON

# CERTIFICATE OF SERVICE

I, the undersigned, am employed in the County of Sacramento, State of California. I am over the age of 18 and not a party to the within action; am employed with the law offices of Fisher & Phillips LLP and my business address is 621 Capitol Mall, Suite 1400, Sacramento, CA 95814.

On **June 6, 2019**, I served the foregoing document entitled **DEFENDANTS WARRIOR TRADING, INC. AND ROSS CAMERON'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION FOR JUDGMENT ON THE PLEADINGS**, on all the appearing and/or interested parties in this action as follows:

| | |
|---|---|
| Avi M. Attal | T: (949) 812-4781 |
| Samuel Yu | F: (949) 245-7597 |
| Mimi Ahn | E: aattal@kahanafeld.com |
| KAHANA & FELD, LLP | E: syu@kahanafeld.com |
| 2603 Main Street, Suite 350 | E: mahn@kahanafeld.com |
| Irvine, CA 92614 | |
| | Attorneys for Plaintiff |
| | JEFFREY P. FORTIS |

☒ **[by ELECTRONIC SUBMISSION]** - I served the above listed document(s) described via the United States District Court's Electronic Filing Program on the designated recipients via electronic transmission through the CM/ECF system on the Court's website. The Court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document(s). Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities.

☒ **FEDERAL** - I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed **June 6, 2019**, at Sacramento, California.

Angela L. Eure     By:     /s/ *Angela L. Eure*
Print Name                       Signature

PROOF OF SERVICE

FPDOCS 35541074.2