1  Alden J. Parker, State Bar No. 196808
   Email: aparker@fisherphillips.com
2  Drew M. Tate, State Bar No. 312219
   Email: dtate@fisherphillips.com
3  FISHER & PHILLIPS, LLP
4  621 Capitol Mall, Suite 1400
   Sacramento, CA 95814
5  Telephone (916) 210-0400
   Facsimile (916) 210-0401
6

7  Attorneys for Defendants
   WARRIOR TRADING, INC.;
8  and ROSS CAMERON

9              IN THE UNITED STATES DISTRICT COURT

10            FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 11  JEFFREY P. FORTIS, an individual, | Case No.: 2:19-cv-00627-MCE-KHN |
| 12        Plaintiff, | **DEFENDANTS WARRIOR TRADING, INC. AND ROSS CAMERON'S REPLY TO PLAINTIFF'S EVIDENTIARY OBJECTIONS TO DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS** |
| 13        v. | |
| 14  WARRIOR TRADING, INC., a Delaware corporation; ROSS CAMERON, an individual; and DOES 1 through 50, inclusive, | |
| 15 | |
| 16 | |
| 17        Defendants. | Date:      June 13, 2019<br>Time:      2:00 p.m.<br>Location:  Courtroom 7 |
| 18 | |
| 19 | Removed:    April 12, 2019<br>Trial Date: None set |

Defendants WARRIOR TRADING, INC. and ROSS CAMERON ("Defendants") submit their responses to the evidentiary objections field by Plaintiff JEFFREY P. FORTIS ("Plaintiff").

| TEXT | OBJECTION | RESPONSE | COURT RULING |
|---|---|---|---|
| "Warrior Trading, Inc.'s Shareholder Agreement, dated August 18, 2016, as amended by Amendment No. 1 to the Shareholder Agreement, dated December 15, 2017, a true and correct copy of which is attached hereto as **Exhibit A**." | Hearsay, lacks foundation, lacks personal knowledge, irrelevant, not a fact generally known within the trial court's territorial jurisdiction or can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. | **Hearsay:** Defendants do not offer the content of Warrior Trading' ("Warrior Trading") Shareholder Agreement for the truth of the matters stated therein, but rather for the fact that the statements were made. When offered for this purpose, the evidence does not amount to inadmissible hearsay. *See Drew v. Equifax Information Services, LLC*, 690 F.3d 1100, 1108 (9th Cir. 2012). In addition, the Shareholder Agreement is a business record, admissible as an exception to the rule against hearsay. FRE 803(6).<br><br>**Foundation:** Defendants have laid the proper foundation because: (i) the Shareholder Agreement is a matter that is properly subject to judicial notice as it constitutes a "matter of public record," since it was filed in the Delaware Action, Case No. Case No. 2019-0140, and was | Sustained: ___<br><br>Overruled: ___ |

1

DEFENDANTS' REPLY TO PLAINTIFF'S EVIDENTIARY OBJECTIONS TO DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

FPDOCS 35516130.2

| | | | |
|---|---|---|---|
| | | also incorporated by reference in Plaintiff's Complaint; (ii) the "best evidence" is inapplicable as it is not being offered to prove its contents; and (iii) even if the "best evidence" did apply, a duplicate is admissible as no genuine question has been raised as to its authenticity and the circumstances do not make it unfair to admit a duplicate. *See* Fed. R. Evid. §§ 201, 901(b)(7), 1002-1003.<br><br>**Personal Knowledge:** Defendants do not seek to introduce testimony regarding the Shareholder Agreement requiring the personal knowledge of a witness. Rather, Defendants request that the Court take judicial notice as it is incorporated by reference into Plaintiff's Complaint and constitutes a "matter of public record" and is not subject to reasonable dispute, since it was filed in the Delaware Action, Case No. Case No. 2019-0140. As such, it is properly subject to | |

| | | |
|---|---|---|
| | | judicial notice.<br><br>**Relevance:** Warrior Trading's Shareholder Agreement is directly relevant to show that Warrior Trading already instituted the "first-filed" Delaware Action based upon the same transactions, occurrences, and agreements at issue in this litigation. *See* Fed R. Evid. 401.<br><br>**Not Subject to Reasonable Dispute:** Warrior Trading's Shareholder Agreement constitutes a "matter of public record" as it was attached as an exhibit to Warrior Trading's Verified Complaint to Compel Arbitration, filed on February 21, 2019 in the Court of Chancery for the State of Delaware, Case No. 2019-0140. As such, it is properly subject to judicial notice. *See Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001). Further, it bears Plaintiff's signature and Plaintiff does not dispute its authenticity. | |

| | | | |
|---|---|---|---|
| "Warrior Trading, Inc.'s correspondence to Plaintiff and his prior counsel regarding Warrior Trading, Inc.'s Demand for Arbitration, dated January 2, 2019, a true and correct copy of which is attached hereto as **Exhibit B**." | Hearsay, lacks foundation, lacks personal knowledge, irrelevant, not a fact generally known within the trial court's territorial jurisdiction or can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. | **Hearsay:** Defendants do not offer the content of Warrior Trading's correspondence to Plaintiff and his prior counsel for the truth of the matters stated therein, but rather for the fact that the statements were made. When offered for this purpose, the evidence does not amount to inadmissible hearsay. *See Drew v. Equifax Information Services, LLC*, 690 F.3d 1100, 1108 (9th Cir. 2012).<br><br>**Foundation:** Defendants have laid the proper foundation because: (i) Warrior Trading's correspondence is a matter that is properly subject to judicial notice as it constitutes a "matter of public record" since it was filed in the Delaware Action, Case No. Case No. 2019-0140; (ii) the "best evidence" is inapplicable as it is not being offered to prove its contents; and (iii) even if the "best evidence" did apply, a duplicate is admissible as no genuine question has been raised as to its authenticity and the circumstances do not | Sustained: ___<br><br>Overruled: ___ |

4
DEFENDANTS' REPLY TO PLAINTIFF'S EVIDENTIARY OBJECTIONS TO DEFENDANTS' MOTION
FOR JUDGMENT ON THE PLEADINGS
FPDOCS 35516130.2

| | | | |
|---|---|---|---|
| | | make it unfair to admit a duplicate. *See* Fed. R. Evid. §§ 201, 901(b)(7), 1002-1003.<br><br>**Personal Knowledge:** Defendants do not seek to introduce testimony regarding Warrior Trading's correspondence to Plaintiff and his prior counsel requiring the personal knowledge of a witness. Rather, Defendants request that the Court take judicial notice as it constitutes a "matter of public record" and is not subject to reasonable dispute, since it was filed in the Delaware Action, Case No. Case No. 2019-0140. As such, it is properly subject to judicial notice.<br><br>**Relevance:** Warrior Trading's correspondence to Plaintiff and his prior counsel is directly relevant to show that Warrior Trading already instituted the "first-filed" Delaware Action based upon the same transactions, occurrences, and agreements at issue in this litigation. *See* Fed R. Evid. 401. | |

| | | | |
|---|---|---|---|
| | | **Not Subject to Reasonable Dispute:** Warrior Trading's correspondence to Plaintiff's counsel and his prior counsel constitutes a "matter of public record" as it was attached as an exhibit to Warrior Trading's Verified Complaint to Compel Arbitration, filed on February 21, 2019 in the Court of Chancery for the State of Delaware, Case No. 2019-0140. As such, it is properly subject to judicial notice. *See Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001). In addition, Plaintiffs do not dispute its authenticity. | |
| "Warrior Trading, Inc.'s Demand for Arbitration, dated January 2, 2019, a true and correct copy of which is attached hereto as **Exhibit C**." | Hearsay, lacks foundation, lacks personal knowledge, irrelevant, not a fact generally known within the trial court's territorial jurisdiction or can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. | **Hearsay:** Defendants do not offer the content of Warrior Trading's Demand for Arbitration, dated January 2, 2019, for the truth of the matters stated therein, but rather for the fact that the statements were made. When offered for this purpose, the evidence does not amount to inadmissible hearsay. *See Drew v. Equifax Information Services,* | Sustained: ___<br><br>Overruled: ___ |

| | | | |
|---|---|---|---|
| | | *LLC*, 690 F.3d 1100, 1108 (9th Cir. 2012).<br><br>**Foundation:** Defendants have laid the proper foundation because: (i) Warrior Trading's Demand for Arbitration is a matter that is properly subject to judicial notice as it constitutes a "matter of public record" since it was filed in the Delaware Action, Case No. Case No. 2019-0140; (ii) the "best evidence" is inapplicable as it is not being offered to prove its contents; and (iii) even if the "best evidence" did apply, a duplicate is admissible as no genuine question has been raised as to its authenticity and the circumstances do not make it unfair to admit a duplicate. *See* Fed. R. Evid. §§ 201, 901(b)(7), 1002-1003.<br><br>**Personal Knowledge:** Defendants do not seek to introduce testimony regarding Warrior Trading's Demand for Arbitration requiring the personal knowledge of a witness. Rather, Defendants request | |

7
DEFENDANTS' REPLY TO PLAINTIFF'S EVIDENTIARY OBJECTIONS TO DEFENDANTS' MOTION
FOR JUDGMENT ON THE PLEADINGS
FPDOCS 35516130.2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

|  |  | that the Court take judicial notice as it constitutes a "matter of public record" and is not subject to reasonable dispute, since it was filed in the Delaware Action, Case No. Case No. 2019-0140. As such, it is properly subject to judicial notice.<br><br>**Relevance:** Warrior Trading's Demand for Arbitration is directly relevant to show that Warrior Trading already instituted the "first-filed" Delaware Action based upon the same transactions, occurrences, and agreements at issue in this litigation. *See* Fed R. Evid. 401.<br><br>**Not Subject to Reasonable Dispute:** Warrior Trading's Demand for Arbitration, dated January 2, 2019, constitutes a "matter of public record" as it was attached as an exhibit to Warrior Trading's Verified Complaint to Compel Arbitration, filed on February 21, 2019 in the Court of Chancery for the State of Delaware, Case No. 2019-0140. As such, it is |  |

8
DEFENDANTS' REPLY TO PLAINTIFF'S EVIDENTIARY OBJECTIONS TO DEFENDANTS' MOTION
FOR JUDGMENT ON THE PLEADINGS
FPDOCS 35516130.2

| | | | |
|---|---|---|---|
| | | properly subject to judicial notice. *See Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001). In addition, Plaintiff does not dispute its authenticity. | |
| "Warrior Trading, Inc's Demand for Arbitration with the American Arbitration Association ('AAA'), dated February 1, 2019, a true and correct copy of which is attached hereto as **Exhibit D**." | Hearsay, lacks foundation, lacks personal knowledge, irrelevant, not a fact generally known within the trial court's territorial jurisdiction or can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. | **Hearsay:** Defendants do not offer the content of Warrior Trading's Demand for Arbitration with the American Arbitration Association ("AAA"), dated February 1, 2019, for the truth of the matters stated therein, but rather for the fact that the statements were made. When offered for this purpose, the evidence does not amount to inadmissible hearsay. *See Drew v. Equifax Information Services, LLC*, 690 F.3d 1100, 1108 (9th Cir. 2012).<br><br>**Foundation:** Defendants have laid the proper foundation because: (i) Warrior Trading's Demand for Arbitration with the AAA is a matter that is properly subject to judicial notice as it constitutes a "matter of public record" since it was filed in | Sustained: ___<br><br>Overruled: ___ |

9
DEFENDANTS' REPLY TO PLAINTIFF'S EVIDENTIARY OBJECTIONS TO DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS
FPDOCS 35516130.2

| | | | |
|---|---|---|---|
| | | the Delaware Action, Case No. Case No. 2019-0140; (ii) the "best evidence" is inapplicable as it is not being offered to prove its contents; and (iii) even if the "best evidence" did apply, a duplicate is admissible as no genuine question has been raised as to its authenticity and the circumstances do not make it unfair to admit a duplicate. *See* Fed. R. Evid. §§ 201, 901(b)(7), 1002-1003.<br><br>**Personal Knowledge:** Defendants do not seek to introduce testimony regarding Warrior Trading's Demand for Arbitration with the AAA requiring the personal knowledge of a witness. Rather, Defendants request that the Court take judicial notice as it constitutes a "matter of public record" and is not subject to reasonable dispute, since it was filed in the Delaware Action, Case No. Case No. 2019-0140. As such, it is properly subject to judicial notice.<br><br>**Relevance:** Warrior Trading's Demand | |

| | | | |
|---|---|---|---|
| | | for Arbitration with the AAA is directly relevant to show that Warrior Trading already instituted the "first-filed" Delaware action based upon the same transactions, occurrences, and agreements at issue in this litigation. *See* Fed R. Evid. 401.<br><br>**Not Subject to Reasonable Dispute:** Warrior Trading's Demand for Arbitration with the AAA constitutes a "matter of public record" as it was attached as an exhibit to Warrior Trading's Verified Complaint to Compel Arbitration, filed on February 21, 2019 in the Court of Chancery for the State of Delaware, Case No. 2019-0140. As such, it is properly subject to judicial notice. *See Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001). In addition, Plaintiff does not dispute its authenticity. | |
| "The AAA's letter acknowledging receipt of Warrior Trading, Inc.'s Arbitration Demand | Hearsay, lacks foundation, lacks personal knowledge, irrelevant, not a fact | **Hearsay:** Defendants do not offer the content of the AAA's letter acknowledging receipt of Warrior | Sustained: ___<br><br>Overruled: ___ |

11
DEFENDANTS' REPLY TO PLAINTIFF'S EVIDENTIARY OBJECTIONS TO DEFENDANTS' MOTION
FOR JUDGMENT ON THE PLEADINGS
FPDOCS 35516130.2

| | | | |
|---|---|---|---|
| with the AAA, dated February 11, 2019, a true and correct copy of which is attached hereto as **Exhibit E**." | generally known within the trial court's territorial jurisdiction or can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. | Trading's Arbitration Demand, dated February 11, 2019, for the truth of the matters stated therein, but rather for the fact that the statements were made. When offered for this purpose, the evidence does not amount to inadmissible hearsay. *See Drew v. Equifax Information Services, LLC*, 690 F.3d 1100, 1108 (9th Cir. 2012).<br><br>**Foundation:** Defendants have laid the proper foundation because: (i) the AAA's letter acknowledging receipt of Warrior Trading's Arbitration Demand is a matter that is properly subject to judicial notice as it constitutes a "matter of public record" since it was filed in the Delaware Action, Case No. Case No. 2019-0140; (ii) the "best evidence" is inapplicable as it is not being offered to prove its contents; and (iii) even if the "best evidence" did apply, a duplicate is admissible as no genuine question has been raised as to its authenticity and the circumstances do not | |

| | | | |
|---|---|---|---|
| | | make it unfair to admit a duplicate. *See* Fed. R. Evid. §§ 201, 901(b)(7), 1002-1003.<br><br>**Personal Knowledge:** Defendants do not seek to introduce testimony regarding the AAA's letter acknowledging receipt of Warrior Trading's Arbitration Demand requiring the personal knowledge of a witness. Rather, Defendants request that the Court take judicial notice as it constitutes a "matter of public record" and is not subject to reasonable dispute, since it was filed in the Delaware Action, Case No. Case No. 2019-0140. As such, it is properly subject to judicial notice.<br><br>**Relevance:** The AAA's letter acknowledging receipt of Warrior Trading's Arbitration Demand is directly relevant to show that Warrior Trading already instituted the "first-filed" Delaware Action based upon the same transactions, occurrences, and agreements at issue | |


| | | | | |
|---|---|---|---|---|
| | | | in this litigation. *See* Fed R. Evid. 401.<br><br>**Not Subject to Reasonable Dispute:** The AAA's letter acknowledging receipt of Warrior Trading's Arbitration Demand constitutes a "matter of public record" as it was attached as an exhibit to Warrior Trading's Verified Complaint to Compel Arbitration, filed on February 21, 2019 in the Court of Chancery for the State of Delaware, Case No. 2019-0140. As such, it is properly subject to judicial notice. *See Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001). In addition, Plaintiff does not dispute its authenticity. | |
| "Warrior Trading, Inc.'s Verified Complaint to Compel Arbitration, and all exhibits attached hereto, filed on February 21, 2019 in the Court of Chancery for the State of Delaware, Case No. 2019-0140, a true and correct copy of which is attached hereto as **Exhibit F**." | Hearsay, lacks foundation, lacks personal knowledge, irrelevant, not a fact generally known within the trial court's territorial jurisdiction or can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. | **Hearsay:** Defendants do not offer the content of Warrior Trading's Verified Complaint to Compel Arbitration, and all exhibits attached thereto for the truth of the matters stated therein, but rather for the fact that the statements were made. When offered for this purpose, the evidence does not amount to | Sustained: ___<br><br>Overruled: ___ |

| | | |
|---|---|---|
| | | inadmissible hearsay. *See Drew v. Equifax Information Services, LLC*, 690 F.3d 1100, 1108 (9th Cir. 2012). **Foundation:** Defendants have laid the proper foundation because: (i) Warrior Trading's Verified Complaint to Compel Arbitration, and all exhibits attached thereto, is a matter that is properly subject to judicial notice as it constitutes a "matter of public record" since it was filed in the Delaware Action, Case No. Case No. 2019-0140; (ii) the "best evidence" is inapplicable as it is not being offered to prove its contents; and (iii) even if the "best evidence" did apply, a duplicate is admissible as no genuine question has been raised as to its authenticity and the circumstances do not make it unfair to admit a duplicate. *See* Fed. R. Evid. §§ 201, 901(b)(7), 1002-1003. **Personal Knowledge:** Defendants do not seek to introduce testimony regarding Warrior Trading's |

15
DEFENDANTS' REPLY TO PLAINTIFF'S EVIDENTIARY OBJECTIONS TO DEFENDANTS' MOTION
FOR JUDGMENT ON THE PLEADINGS
FPDOCS 35516130.2

| | | | |
|---|---|---|---|
| | | Verified Complaint to Compel Arbitration requiring the personal knowledge of a witness. Rather, Defendants request that the Court take judicial notice as it constitutes a "matter of public record" and is not subject to reasonable dispute, since it was filed in the Delaware Action, Case No. Case No. 2019-0140. As such, it is properly subject to judicial notice.<br><br>**Relevance:** Warrior Trading's Verified Complaint to Compel Arbitration is directly relevant to show that Warrior Trading already instituted the "first-filed" Delaware action based upon the same transactions, occurrences, and agreements at issue in this litigation. *See* Fed R. Evid. 401.<br><br>**Not Subject to Reasonable Dispute:** Warrior Trading's Verified Complaint to Compel Arbitration, filed on February 21, 2019 in the Court of Chancery for the State of Delaware, Case No. 2019-0140, constitutes a "matter | |

16
DEFENDANTS' REPLY TO PLAINTIFF'S EVIDENTIARY OBJECTIONS TO DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS
FPDOCS 35516130.2

| | | | |
|---|---|---|---|
| | | of public record." As such, it is properly subject to judicial notice. *See Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001). In addition, Plaintiff does not dispute it authenticity. | |

DATE: June 6, 2019                                  FISHER & PHILLIPS LLP


By:  /s/ *Alden J. Parker* _____
      Alden J. Parker, State Bar No. 196808
      Drew M. Tate, State Bar No. 312219

Attorneys for Defendants
WARRIOR TRADING, INC.; and ROSS CAMERON

# CERTIFICATE OF SERVICE

I, the undersigned, am employed in the County of Sacramento, State of California. I am over the age of 18 and not a party to the within action; am employed with the law offices of Fisher & Phillips LLP and my business address is 621 Capitol Mall, Suite 1400, Sacramento, CA 95814.

On **June 6, 2019**, I served the foregoing document entitled **DEFENDANTS WARRIOR TRADING, INC. AND ROSS CAMERON'S REPLY TO PLAINTIFF'S EVIDENTIARY OBJECTIONS TO REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS**, on all the appearing and/or interested parties in this action as follows:

| | |
|---|---|
| Avi M. Attal | T: (949) 812-4781 |
| Samuel Yu | F: (949) 245-7597 |
| Mimi Ahn | E: aattal@kahanafeld.com |
| KAHANA & FELD, LLP | E: syu@kahanafeld.com |
| 2603 Main Street, Suite 350 | E: mahn@kahanafeld.com |
| Irvine, CA 92614 | |
| | Attorneys for Plaintiff |
| | JEFFREY P. FORTIS |

☒ **[by ELECTRONIC SUBMISSION]** - I served the above listed document(s) described via the United States District Court's Electronic Filing Program on the designated recipients via electronic transmission through the CM/ECF system on the Court's website. The Court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document(s). Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities.

☒ **FEDERAL** - I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed **June 6, 2019**, at Sacramento, California.

| Angela L. Eure | By: | /s/ *Angela L. Eure* |
|---|---|---|
| Print Name | | Signature |