Alden J. Parker, State Bar No. 196808
Email: aparker@fisherphillips.com
Drew M. Tate, State Bar No. 312219
Email: dtate@fisherphillips.com
FISHER & PHILLIPS, LLP
621 Capitol Mall, Suite 1400
Sacramento, CA 95814
Telephone (916) 210-0400
Facsimile (916) 210-0401

Attorneys for Defendants
WARRIOR TRADING, INC.;
and ROSS CAMERON

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY P. FORTIS, an individual,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>WARRIOR TRADING, INC., a Delaware corporation; ROSS CAMERON, an individual; and DOES 1 through 50, inclusive,<br><br>　　　　　Defendants. | Case No.: 2:19-cv-00627-MCE-KHN<br><br>**DEFENDANTS WARRIOR TRADING, INC. AND ROSS CAMERON'S OBJECTIONS TO THE COURT'S PRETRIAL SCHEDULING ORDER**<br><br>Removed:　　April 12, 2019<br>Trial Date:　　None set |

1 | Defendants WARRIOR TRADING, INC. ("Warrior") and ROSS CAMERON
2 | ("Cameron") (collectively "Defendants") hereby object to the Court's Pretrial Scheduling Order
3 | issued on April 12, 2019 (ECF No. 2), to the following:
4 | 1. At Page 2, Lines 14-15: "Within (60) days[] of service of the complaint on any
5 | party, or from the date of removal, whichever is later, the parties shall meet and confer as required
6 | by Federal Rules of Civil Procedure 26(f) regarding their discovery plan." (footnote omitted).
7 | 2. At Page 2, lines 17-18: "All discovery, with the exception of expert discovery,
8 | shall be completed no later than three hundred sixty-five (365) from the date the federal case was
9 | opened."
10 | 3. At Page 3, lines 2-4: "All counsel are to designate in writing, and serve upon all
11 | other parties the name, address, and area of expertise of each expert that they propose to tender at
12 | trial not later than sixty (60) days after the close of discovery."
13 | 4. At Page 3, lines 7-9: "Within thirty (30) days after the designate of expert
14 | witnesses, any party may designate a supplemental list of expert witnesses who will express an
15 | opinion on a subject covered by an expert designated by an adverse party."
16 | 5. At Page 4, lines 9-11: "The parties shall file dispositive motions no later than one
17 | hundred eighty (180) days after the close of non-expert discovery."
18 | 6. At Page 5, lines 17-22: "The parties are ordered to file a Joint Notice of Trial
19 | Readiness not later than thirty (30) days after receiving this Court's ruling(s) on the last filed
20 | dispositive motion. If the parties do not intent to file dispositive motions, the parties are ordered
21 | to file a Joint Notice of Trial Readiness not later than thirty (30) days after the close of the
22 | designation of supplemental expert witnesses and the notice must include statements of intent to
23 | forgo the filing of dispositive motions."
24 | Defendants object to the above-stated deadlines on the grounds pursuant to the "first-to-
25 | file" rule because this action should be stayed and/or dismissed in favor of the lawsuit Warrior
26 | filed in the Court of Chancery in the State of Delaware, Case No. 2019-0140 (the "Delaware
27 | Action"), on February 21, 2019. *Kohn Law Group, Inc. v. Auto Parts Mfg. Mississippi, Inc.*, 787
28 | F.3d 1237, 1239 (9th Cir. 2015); *Church of Scientology of California v. United States Dept. of*

*Army*, 611 F.2d 739, 750 (9th Cir. 1979). As further detailed in their Motion for Judgment on the Pleadings, Defendants submit that the Delaware Action, which covers the substantially same parties and issues here, should proceed first and that this action should be dismissed and/or stayed. As a result, Defendants object to the above-referenced deadlines, including the requirement to meet and confer pursuant to Federal Rules of Civil Procedure 26(f), since engaging in discovery would result in duplicative litigation. This is exactly what the "first-to-file" rule is meant to avoid. Defendants request that the above-stated deadlines be re-set within 30 days after the disposition of Defendants' Motion for Judgment on the Pleadings if the Motion is denied.

Defendants further object to the above-stated deadlines on the grounds that this action should be dismissed and/or stayed in the favor of contractual arbitration in accordance with the Shareholder Agreement and Plaintiff's employment agreements. Defendants submit that Plaintiff executed multiple mandatory arbitration agreements that govern the resolution of all disputes, claims, and/or controversies arising out of or relating to his employment relationship with Warrior. Accordingly, Defendants object in order to preserve their rights to arbitrate and to avoid the waiver of such rights.

DATE: June 12, 2019                    FISHER & PHILLIPS LLP


By:  /s/ *Alden J. Parker* _____
     Alden J. Parker, State Bar No. 196808
     Drew M. Tate, State Bar No. 312219

Attorneys for Defendants
WARRIOR TRADING, INC.; and ROSS CAMERON