UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY P. FORTIS, an individual,<br><br>Plaintiff,<br><br>v.<br><br>WARRIOR TRADING, INC., a Delaware Corporation; ROSS CAMERON, an individual; and DOES 1 through 50, inclusive,<br><br>Defendants. | No. 2:19-cv-00627-MCE-KJN<br><br>**MEMORANDUM AND ORDER** |

By way of this action, Jeffrey P. Fortis ("Plaintiff") seeks to recover from Defendants Warrior Trading, Inc. ("Warrior") and Ross Cameron ("Cameron") for violations of California's wage and hours laws, wrongful termination, and defamation. Presently before the Court is Defendants' Motion for Judgment on the Pleadings, or in the Alternative, to Stay ("Motion") (ECF No. 5) seeking to dismiss or stay this action on the basis that it is substantially similar to Warrior Trading, Inc. v. Jeffery P. Fortis, Case No. 2019-0140 ("Delaware Action"), filed by Warrior in Delaware. For the following reasons, Defendants' Motion is GRANTED to the extent this matter is stayed pending disposition of the Delaware Action.[1]

---

[1] Because oral argument was not of material assistance, the Court ordered this matter submitted on the briefs. E.D. Cal. Local Rule 230(g).

1

**BACKGROUND**

Between March 2016 and October 2018, Plaintiff was employed with Warrior as its Chief Operating Officer. Pl.'s Compl., ECF 1-1 at ¶¶ 11, 16. Additionally, Plaintiff was a shareholder and also served as a stock trading mentor for Warrior. Defs.' MPA ISO MJOP, ECF 5-1 at 1:7–10. Plaintiff and Warrior entered into a Shareholder Agreement wherein the parties agreed that if Plaintiff were terminated "for cause," the remaining shareholders of Warrior, which included its founder and Chief Executive Officer, Defendant Cameron, would have the option of buying back all shares held by the Plaintiff.[2] Pl.'s Compl. at ¶ 12; Shareholder Agreement, ECF No. 5-5 at 19. Additionally, the Shareholder Agreement provided, in pertinent part, that "[a]ny controversy or claim arising out of or relating to this Agreement . . . shall be settled by binding arbitration to be held in Delaware." Defs.' MPA ISO MJOP at 4:7–9; Shareholder Agreement at 19.

Sometime after September 2018, Cameron raised various concerns regarding Plaintiff's performance, and on October 12, 2018, Plaintiff was terminated. Pl.'s Compl. at ¶¶ 14, 16. Plaintiff claims that Cameron wanted to oust him from the company after Plaintiff complained of certain improprieties concerning access to Warrior's bank accounts and other confidential systems by unauthorized employees. Stating that Plaintiff's termination was nonetheless "for cause," Warrior sought to enforce the process

---

[2] As a preliminary matter, this Court considers Defendant's Request for Judicial Notice ("RJN") (ECF No. 5-4). Under Federal Rule of Evidence 201, a court may take judicial notice of matters which are "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001). This includes "matters of public record." Id. Pleadings are properly subject to judicial notice. Mullis v. U.S. Bankr. Court for Dist. Of Nevada, 828 F.2d 1385, 1388 n.9 (9th Cir. 1987). Defendants ask the Court to take judicial notice of ECF No. 5-5 through ECF No. 5-10: (1) Ex. A, Shareholder Agreement; (2) Ex. B, Jan. 2, 2019 Correspondence; (3) Ex. C, Demand for Arbitration; (4) Ex. D, AAA Demand for Arbitration; (5) Ex. E, AAA Acknowledgment Letter; and (6) Ex. F, Delaware Action Complaint. These materials are a matter of public record as they are the pleadings and papers on file in the Delaware Action. Therefore, this Court may take judicial notice of Defendants' requested materials. Defendants' RJN is GRANTED, and Plaintiff's objections to same (ECF No. 11-1) are OVERRULED. Additionally, Plaintiff asks for judicial notice (ECF No. 11-2) of Defendant's California Statement of Information. Because the Court did not need to consider the Statement of Information in its determination, Plaintiff's RJN is DENIED as moot.

to repurchase Plaintiff's shares as determined in the Shareholder Agreement.  Defs.' MPA ISO MJOP at 6:4–5.  On October 16, 2018, Plaintiff received a Notice of Buy Back regarding his shares.  Id. at 6:6–8.  By correspondence dated November 15, 2018, Plaintiff disputed the "for cause" designation that Warrior claimed permitted it to buy back the shares in accordance with the Shareholder Agreement and refused to sell back the shares.  Id. at 6:13–15.

After this refusal, Warrior demanded arbitration pursuant to the Shareholder Agreement.  Demand for Arbitration, ECF No. 5-6.  Plaintiff again refused, and Warrior initiated the Delaware Action to compel arbitration on February 21, 2019.  Delaware Action, ECF No. 5-10.  Subsequently, on March 7, 2019, Plaintiff filed Jeffery P. Fortis v. Warrior Trading, Inc., Case No. CV-19-472 ("California Action") in Yolo County Superior Court asserting causes of action for retaliation and wrongful discharge in violation of state law, wrongful termination in violation of public policy, and defamation.  Pl.'s Compl. at 1.

Defendants subsequently removed the California Action to this Court on diversity of citizenship grounds pursuant to 28 U.S.C. § 1332 and now move for judgment on the pleadings under the so-called "first-to-file" rule.  Alternatively, they seek to stay this action pending disposition of the Delaware Action.

## STANDARD

A court may stay proceedings pending before it where interests of judicial economy make a stay appropriate.  Landis v. North Am. Co., 299 U.S. 248, 254 (1936).  This power stems from the court's inherent ability to control the disposition of cases on its docket.  Fernandez v. Obesity Research Inst., LLC., 2013 WL 4587005 at *6 (E.D. Cal. Aug. 28, 2013).  A stay can be indicated where resolution of another case "may have a substantial impact" on the pending matter.  Doyle v. OneWest Bank, N.A., 2015 WL 4605776 at *3 (C.D. Cal. May 21, 2015).  In determining the propriety of such a stay,

courts look to issues of judicial economy and the prejudice to either party that may result if the stay is granted or denied. CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th Cir. 1962). Whether to issue a stay in this regard is a decision necessarily relegated to the court's discretion. Nken v. Holder, 556 U.S. 418, 433-34 (2009).

## ANALYSIS

Defendants contend that judgment on the pleadings, or alternatively a stay of these proceedings, is appropriate because "the first-filed Delaware Action involves the substantially same parties and issues" as the California Action. Defs.' MPA ISO MJOP at 12:3–5. The federal comity doctrine allows a district court to "decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district." Pacesetter Sys., Inc. v. Medtronic, Inc., 678 F.2d 93, 94-95 (9th Cir. 1982). When two cases are substantially identical and are filed "in courts of concurrent jurisdiction, the court which first acquired jurisdiction should try the lawsuit and no purpose would be served by proceeding with a second action." Id. at 95. In evaluating whether to apply this so-called first-to-file rule, "a court analyzes three factors: chronology of the lawsuits, similarity of the parties, and similarity of the issues." Kohn Law Grp., Inc. v. Auto Parts Mfg. Miss., Inc., 787 F.3d 1237, 1240 (9th Cir. 2015).

Plaintiff appears to dispute the "similarity of issues" factor above, although this is not perfectly clear since Plaintiff fails to specifically address Defendants' first-to-file rule analysis in its Opposition. As to the chronology of the lawsuits, there can be no dispute that the Delaware Action was filed first. The Delaware Action was filed February 21, 2019, whereas the California Action was filed on March 7, 2019. Delaware Action at 1; Pl.'s Compl. at 1. Additionally, as to the similarity of parties, both Plaintiff and Warrior are parties to both suits. However, in the California Action, Plaintiff also sues Defendant Cameron. Id. Strict identity between the parties and the issues of the two actions in question is not required, but rather only "substantial similarity." Negrete v. Petsmart,

Inc., 2013 U.S. Dist. LEXIS 129237 at *2–*3 (E.D. Cal. Sept. 10, 2013). Because the disputes in both actions are primarily between Fortis as Plaintiff and Warrior, or an agent of Warrior, as Defendant, the parties are substantially similar.

As to the similarity of issues, Plaintiff contends that the claims brought in the California Action "have nothing to do with the Shareholder Agreement" and further alleges he is "not invoking any provision within the Shareholder Agreement." Pl.'s Opp., ECF 11 at 4:1–4. This argument is not well taken. Plaintiff specifically references the Shareholder Agreement in the "Facts Common to All Causes of Action" portion of the Complaint. Pl.'s Compl. at 3:7–8. Plaintiff further contends that Defendant Cameron manufactured performance deficiencies and made defamatory accusations against Plaintiff, both in retaliation for raising concerns during employment and to establish "cause" for termination, as defined in the Shareholder Agreement, all in order to force Plaintiff to relinquish his shares at a reduced price. Id. at ¶¶ 14, 32. Alternatively, Defendants contend Plaintiff was terminated "for cause" due to a myriad of performance issues. Defs.' MPA ISO MJOP at 5:12–22. Plaintiff responds by alleging that Defendants' reasons for termination were entirely pretextual. Pl.'s Compl. at ¶¶ 13–17. Thus, the issues share substantial similarity in revolving around the determination of the reason for Plaintiff's termination. As such, each factor is met, and the so-called first-to-file rule applies.

Engaging in similar proceedings before two different courts will unnecessarily burden the courts and may subject the parties to inconsistent rulings. Particularly given the savings of time and money that will result by refraining from litigation in California that may prove unnecessary depending on the Delaware court's findings, it appears there will be no prejudice to either party.

Consequently, after considering the factors for and against a stay of these proceedings, the Court finds a stay to be proper at this time.

///

///

**CONCLUSION**

For the reasons set forth above, Defendants' Motion for Judgment on the Pleadings, or in the Alternative To Stay (ECF No. 5), is GRANTED. This matter is hereby stayed pending judgment in <u>Warrior Trading, Inc. v. Jeffery P. Fortis</u>, Case No. 2019-0140 currently before the Delaware Chancery Court. Not later than sixty (60) days following the date this Memorandum and Order is electronically filed, and every sixty (60) days thereafter until the stay is lifted, the parties are directed to file a Joint Status Report advising the Court as to the status of the Delaware Action.

IT IS SO ORDERED.

Dated: November 4, 2019

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE